C. J. VALENTE, APPELLANT, *v.* FIRST WESTERN SAVINGS AND LOAN ASSOCIATION, A NEVADA CORPORATION, FIRST WESTERN FINANCIAL CORPORATION, A DELAWARE CORPORATION, AUTHORIZED TO DO BUSINESS IN NEVADA, ROBERT G. FIELDING, A/K/A ROBERT G. FINDELSTEIN, MELVIN MOSS, AND DOES I THROUGH XX, INCLUSIVE, RESPONDENTS.

No. 7441

November 27, 1974                    528 P.2d 699

---

*Johns & Johns,* of Las Vegas, for Appellant.

*Dickerson, Miles & Pico,* of Las Vegas, for Respondents.

## O P I N I O N

By the Court, ZENOFF, J.:

On October 11, 1968 C. J. Valente filed a complaint against First Western Savings and Loan Association and First Western Financial Corporation. Two individuals were also named in the complaint but not served and thus are not a part of this action. Valente complained of misconduct as to certain loan agreements covering an extensive period of time but the complaint was not filed until a few days prior to the running of the statute of limitations.

A brief flurry of activity followed the commencement of the action including the filing of respondents' answers but no definitive proceedings to bring the matter to trial were taken for 4½ years. When on April 9, 1973 Valente filed a note for trial docket respondents countered with a motion to dismiss for failure to prosecute pursuant to NRCP 41(e).[1]

The trial court granted the motion and Valente appeals. The issue is whether the trial court abused its discretion in

---

[1]NRCP 41(e): Want of Prosecution. The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . .

dismissing the action when six months still remained within which trial might still have been held.

1. In his affidavit resisting the motion to dismiss attorney Stanley Pierce who was initially retained by Valente, he represented that he had told Valente at the outset that he would accept the case but was too busy to handle the trial preparation and would have to find personnel to do so if that was agreeable to the client, and it was. Further, in the affidavit he stated that the first lawyer to whom he referred the file repeatedly recited his efforts at preparation which turned out to be untrue, that another lawyer was hired for the same purpose and his representations turned out to be false also. In the meantime, however, Pierce several times told Valente that the case was being worked on. After the expiration of the 4½ years a note for trial docket was filed on Valente's behalf to which respondents filed the motion to dismiss.

2. The general rule is that an attorney's neglect will be imputed to his client and he is held responsible for it. Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962); Spering v. Texas Butadiene & Chemical Corporation, 434 F.2d 677 (3d Cir. 1970), cert. denied, 404 U.S. 854 (1971). Generally, law office delays or failures are unacceptable excuses. Trudel v. Laube's Amherst, Inc., 336 N.Y.Supp.2d 503, 504 (1972).

The majority of this court ruled in Hassett v. St. Mary's Hosp. Ass'n, 86 Nev. 900, 903, 478 P.2d 154 (1970), that in order to avoid the two-year discretionary power of dismissal under NRCP 41(e) the onus is upon the client to exercise reasonable diligence in the prosecution of an action after it has been commenced. In that case because the client peddled his case to four different attorneys the court drew the conclusion that the lawyers didn't think much of its merits. In this case apparently the client was pacified into believing that his case was being worked on. Whatever, the weight of authority holds the client responsible for the inactivity of his counsel and leaves him to the recourse of malpractice.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.