James ZELLER, Peter M. Church, Sadie Walker, Francine Johnson, Bessie Weokoluk, Lee J. George, Appellants,

v.

Val POOR and Alice Poor, Appellees.

No. 3290.

Supreme Court of Alaska.

April 28, 1978.

---

Margaret W. Berck, Donald E. Clocksin, Alaska Legal Services Corp., Juneau, for appellants.

Lawrence T. Feeney, Faulkner, Banfield, Doogan & Holmes, Juneau, for appellees.

Before RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

James Zeller and five other former tenants of Val and Alice Poor appeal a Civil Rule 41(e) dismissal with prejudice of their lawsuit. The tenants contend the criteria for dismissal were not present, or, alternatively, dismissal with prejudice was too harsh a sanction and an abuse of discretion.

On September 13, 1972, the tenants filed suit against their landlords for a refund of all rent paid after the Greater Juneau Borough determined that their housing units violated the Uniform Building Code. On April 17, 1975, the Superior Court entered summary judgment for the tenants on the issue of liability. The court ruled that the tenants were entitled to a refund of rent actually paid in excess of the reasonable rental value of the housing units in their deteriorated condition.[1] The only remaining issue was the amount of damages.

On March 31, 1976 the tenants' counsel, Alaska Legal Services, answered the call of the calendar and advised the Court that an additional motion for summary judgment was contemplated. No additional action was taken until just before October 26, 1976 when the court telephoned Alaska Legal Services and suggested some action be taken to get the case moving. On October 26, 1976 Alaska Legal Services mailed a letter to the court requesting a trial date and pre-trial conference. A copy of this letter was also mailed to the landlords' counsel. On October 28, 1976, the landlords filed their motion to dismiss for want of prosecution. The court heard argument on the landlords' motion and ordered dismissal with prejudice. This appeal followed.

Civil Rule 41(e) authorizes the court to dismiss a case either on its own motion or on a motion of a party if no proceeding has been taken in the pending case for a period of more than one year.[2] In *First National*

---

1. The legislature prospectively recognized this theory in the Uniform Residential Landlord and Tenant Act, AS 34.03.010 *et seq.*

2. Civil Rule 41(e) states:
   *Dismissal for Want of Prosecution.* Actions which have been pending in a court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The court shall review all pending cases at least semi-annually, and in all cases in which no proceedings have been taken for more than one year, the court shall either (1) hold a call of the calendar or (2) send notice to the parties to show cause in writing why a dismissal of the action should not be ordered. If good cause to the contrary is not shown at a call of the calendar or within 33 days of the mailing of a notice to show cause in writing, the action shall be dismissed. The court may also dis-

*Bank of Fairbanks v. Taylor*, 488 P.2d 1026, 1032 (Alaska 1971), we noted:

> The purpose of Rule 41(e) is to encourage plaintiffs to keep their cases moving at a reasonable speed and to allow the court to clear the calendar of cases that are not being prosecuted diligently.

In addition, Civil Rule 41(e) protects the defendant from undue delays which might subject him to harassment or force settlement of an otherwise nonmeritorious lawsuit.[3]

The tenants argue that their immediate written response to the superior court's telephone initiative constitutes a "proceeding" under Civil Rule 41(e). In response, the landlords point out that the letter from Alaska Legal Services, although mailed October 26, 1976, was not received by the court until October 29, 1976, one day after their motion to dismiss. They contend their motion was filed before the period of dormancy terminated and dismissal under Civil Rule 41(e) was warranted.

■ We do not find the landlords' argument persuasive. When the Superior Court encouraged Alaska Legal Services to take

action, it responded immediately. The letter requesting a trial date was mailed to the court and to the landlords' counsel on October 26, 1976. Under the provisions of Civil Rule 5(b) service was completed upon mailing, two days before the landlords filed their motion to dismiss.[4] Since service of the trial-setting request was completed prior to the filing of the motion to dismiss, dismissal under Civil Rule 41(e) was improper.[5]

■ Ordinarily this finding would terminate our discussion; however, since the Superior Court not only dismissed this case, but did so with prejudice, we believe further comment is appropriate. Where a case is dismissed without qualification under Civil Rule 41(e) the dismissal is without prejudice.[6] The court may, however, dismiss a case with prejudice but this sanction should be reserved for gross violations of the rule. We have expressed a policy favoring adjudication of cases on the merits,[7] and we are reluctant to bar a litigant from his day in court where an alternative remedy would suffice to make the adverse party whole.[8]

---

miss such cases for want of prosecution at any time on motion of any party upon notice to other parties.

3. Civil Rule R. 41(e) has no counterpart in the Federal Rules of Civil Procedure, however, many state codes contain a similar provision, as do the general rules for the United States District Court in Alaska. *See* General Rule 24, and other district court rules collected in *Link v. Wabash R. Co.*, 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734, 738 n.7 (1962). Generally, Federal Rule of Civil Procedure 41(b) has been extended to cover situations similar to the instant case. *E. g. Barger v. Baltimore & O. R. Co.*, 75 U.S.App.D.C. 367, 130 F.2d 401 (1942).

4. Civil Rule 5(b) provides in pertinent part:
 (b) *Service—How Made.* Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address . . . .. Service by mail is complete upon mailing.
 . . .

5. *First National Bank of Fairbanks v. Taylor, supra* at 1031–32.

6. *Champion Oil Company v. Herbert*, 552 P.2d 670, 672 (Alaska 1976); *Atlas Enterprises v. Consolidated Const. Co.*, 572 P.2d 68, 71 (Alaska 1977).

7. *Mely v. Morris*, 409 P.2d 979, 982 (Alaska 1966).

8. It has been suggested that there may be constitutional limitations on a court, in aid of its own process, to dismiss an action with prejudice without affording a litigant a fair hearing on the merits. *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255, 1265 (1958). However, in *Link v. Wabash Ry. Co., supra* note 3, 370 U.S. at 633–34, 82 S.Ct. at 1390, 8 L.Ed.2d at 740, the court held that where the dismissal is occasioned by delays in prosecution, the litigants' culpability extinguishes due process rights even though the delay was caused by neglectful counsel. The *Link* decision has been criticized as imposing upon untrained litigants the duty of scrutinizing complex legal proceedings of

In this case the landlords have made no affirmative showing of prejudice,[9] except the inconvenience and additional legal fees associated with the delay. The Superior Court might have remedied this by assessing costs and attorney's fees for the motion, and immediately setting the case down for trial. On remand it is authorized to do so.

REVERSED AND REMANDED.

BOOCHEVER, C. J., not participating.

Martin EBONA, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. 3495.

Supreme Court of Alaska.

April 28, 1978.

Paul M. Hoffman, Robertson, Monagle, Eastaugh & Bradley, Juneau, for appellant.

Michael J. Stark, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

RABINOWITZ, Justice.

This appeal is from the superior court's affirmance of the district court's denial of

which they have no understanding. *See* Note, The Demise (Hopefully) of An Abuse: The Sanction of Dismissal, 7 Cal.W.L.Rev. 438 (1971).

9. In *Silverton v. Marler,* 389 P.2d 3, 6 (Alaska 1964), we said that prejudice or the lack of it is a factor that may be considered by the court in a case of moderate or excusable neglect in

Ebona's motion to dismiss.[1] After the district court denied his motion to dismiss, Ebona entered a plea of guilty to the charge of operating a motor vehicle while intoxicated, in violation of AS 28.35.030,[2] while preserving the issue of the propriety of the investigatory stop which led to his arrest.[3] We affirm.

During the early morning hours of June 24, 1976, Officer Smith and Corporal Marshall of the Juneau Police Department were in a police vehicle patrolling the downtown area of Juneau. At approximately 3 a. m., Officer Smith first observed Ebona walking in front of the Imperial Cafe.[4] Smith testified that from his vantage point some 25 feet away, Ebona "appeared possibly to have been under the influence . . . he swayed a little bit as he walked."

exercising discretion regarding dismissal for want of prosecution.