POWER CONSTRUCTORS, INC. and Forward Alaska, Inc., Appellants,

v.

ACRES AMERICAN, Acres American, Inc., Acres International Corp., Hanscomb Associates, Inc., Acres/Hanscomb, a Joint Venture, and Ebasco Services, Inc., Appellees.

No. S–3821.

Supreme Court of Alaska.

May 24, 1991.

Sema E. Lederman, Hansen & Lederman, Anchorage, for appellants.

Paul H. Ashton and Colleen J. Moore, Guess & Rudd, Anchorage, for appellees Acres American, Acres American, Inc., Acres Intern. Corp., Hanscomb Associates, Inc., and Acres/Hanscomb, a Joint Venture.

J.W. Sedwick and Frances C. Lindemann, Burr, Pease & Kurtz, Anchorage, for appellee Ebasco Services, Inc.

Taylor & Hintze, Anchorage, attorneys for appellants in Trial Court.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

Power Constructors appeals the trial court's dismissal of its action with prejudice for failure to prosecute. We affirm the trial court's decision.

### I.

On November 6, 1986, Power Constructors, Inc. (P.C.I.) filed suit against Acres American, Inc., Acres International Corp., Hanscomb Associates, Inc., Acres/Hanscomb and Ebasco Services, Inc. (Acres/Ebasco).[1] Acres/Ebasco answered the complaint in January 1987. The parties engaged in some initial discovery in early 1987.

More than a year passed without any party taking further action. On June 13, 1988, the superior court served a notice of dismissal on the parties, ordering P.C.I. to show cause within 30 days why the case should not be dismissed for lack of prosecution. On June 15, P.C.I. filed a motion for withdrawal and substitution of attorney. On June 27, 1988, it filed an opposition to the notice of dismissal. In its opposition, P.C.I. asked for an extension of time to allow its new counsel to become familiar with the case and to conduct discovery. On July 13, 1988, P.C.I.'s motion for withdrawal and substitution of attorney was granted. The trial court took no further action on its order to dismiss.

Once again over a year passed without any record activity in the case. On November 9, 1989, the superior court issued a second notice of dismissal for failure to prosecute.

On December 4, 1989, P.C.I. filed a memorandum to set the case for trial. On the same day, it filed an opposition to the notice of dismissal claiming that it had been actively working on the case. P.C.I. argued that it had requested a trial setting conference, and it stated that its attorneys had expended over 400 hours reviewing the issues since they took over the case.

Ebasco filed a reply to P.C.I.'s opposition on December 12, 1989. Ebasco argued that P.C.I. had not shown good cause to prevent dismissal under Civil Rule 41(e) and claimed prejudice due to the lack of prosecution. Alternatively, in the event the court decided not to dismiss the case, Ebasco requested that it be awarded the costs it would incur in tracking down witnesses who had left the area.

On December 29, 1989, the superior court judge dismissed the case with prejudice.[2] On January 8, 1990, P.C.I. filed a motion for reconsideration under Civil Rule 77(m), claiming the superior court erred in dismissing its case without considering alternative sanctions. The court denied the motion on January 19, 1990. This appeal followed.

### II.

Civil Rule 41(e) authorizes the court to dismiss a pending action either on its own motion or on the motion of a party if no proceeding has been undertaken in the case for more than one year. *Zeller v. Poor*, 577 P.2d 695, 696 (Alaska 1978).

P.C.I. contends that the trial court abused its discretion in dismissing its case under Civil Rule 41(e) because (1) its pretrial memorandum qualifies as a "proceeding," and (2) P.C.I. showed good cause for any delay in prosecution. We disagree.

We have defined a "proceeding" as "a step, act or measure of record, by the plaintiff, which reflects the serious determination ... to bring the suit to a resolution; or a step, act or measure of record, by either

---

1. P.C.I.'s complaint alleged breach of contract, negligence, fraud and misrepresentation and asked for damages in excess of one million dollars.

2. The order stated in part:
   Plaintiffs, having failed to take any action to advance their claims ... since 1987, and further having failed to present good cause as required by Civil Rule 41(e), why their failure to proceed with their claims should be excused, the court finds that plaintiffs have completely ignored their responsibility to the court and the other parties, to make reasonable progress toward the resolution of their claims, and have done so without any legitimate excuse. Accordingly, [it is ordered] that this case is dismissed with prejudice....

party, which reflects that the suit is not stagnant." *Shiffman v. K, Inc.,* 657 P.2d 401, 403 (Alaska 1983) (filing of an answer is a "proceeding" under Civil Rule 41(e)). Such affirmative action will terminate a period of lapse and preclude the trial court from dismissing the action. *Id.; Atlas Enterprises v. Consolidated Constr. Co.,* 572 P.2d 68, 71 (Alaska 1977).

■ A pretrial memorandum filed after the court issues its notice of dismissal does not constitute a "proceeding" under Civil Rule 41(e).[3] Any other finding would severely weaken Civil Rule 41(e). This rule serves several functions. First, as an administrative matter, it allows the court to "clear [its] calendar of cases that are not being prosecuted diligently." *First Nat'l Bank of Fairbanks v. Taylor,* 488 P.2d 1026, 1032 (Alaska 1971). Second, it forces plaintiffs to keep their cases moving at a reasonable speed. *Id.* "Under Rule 41(e), the plaintiff bears the burden to diligently pursue the enforcement of his cause of action." *Shiffman,* 657 P.2d at 403. Finally, Civil Rule 41(e) "serves to protect a defendant from undue delays which might subject him to harassment or force settlement of an otherwise nonmeritorious lawsuit." *Id.*

The power of Rule 41(e) to achieve these goals would be considerably compromised if plaintiffs knew that, no matter how long they delayed, they could avoid dismissal by filing a pleading of record as soon as the court issued its notice of dismissal or a party filed a motion to dismiss.

P.C.I. has also asserted that it showed good cause for the delay in prosecution. In general, a court will not dismiss a case under 41(e) when there is a reasonable excuse for the lack of prosecution. *Brown v. State,* 526 P.2d 1365 (Alaska 1974).

P.C.I. offers several excuses for its inaction. First, it maintains that its substitution of counsel justified the failure to take any record action during the sixteen month period following the court's first notice of dismissal. Second, it argues that the 447 hours spent by substituted counsel analyzing and preparing the case for litigation indicates that it was actively pursuing its claims during this time. We find these arguments unpersuasive.

■ P.C.I. does not explain why it needed sixteen months for this review or why it did not take any action of record during this period. Standing alone, substitution of counsel and the consequent need for more time to review the case does not constitute good cause for a sixteen month delay in prosecution.[4]

The decision whether to dismiss an action under Civil Rule 41(e) lies within the sound discretion of the trial court. *Brown,* 526 P.2d at 1368. We conclude that, since no action of record was taken prior to the filing of the notice of dismissal and P.C.I. did not show good cause for the delay, dismissal under Civil Rule 41(e) was proper.

## III.

P.C.I. contends that dismissal with prejudice was too harsh a sanction in this case and was therefore an abuse of the trial court's discretion.[5] We disagree.

---

3. *See Radinsky v. Karras,* 511 P.2d 953 (Colo. App.1973) (filing of the notice to set trial after the court issued notice to show cause why action should not be dismissed did not prevent dismissal for failure to prosecute).

    However, filing a request to set trial *before* the notice to dismiss is filed will prevent dismissal for failure to prosecute. *See Briemeister v. Medina,* 76 N.M. 606, 417 P.2d 208, 210 (1966); *Govayra v. Straubel,* 466 So.2d 1065 (Fla.1985); *Churruca v. Miami Jai–Alai, Inc.,* 454 So.2d 37 (Fla.App.1984).

4. P.C.I. relies on *Cervi v. Town of Greenwood Village,* 147 Colo. 190, 362 P.2d 1050 (1961) (delay in prosecution occasioned in part by necessity of obtaining new counsel and familiariz-

ing him with the details of the case held excusable). However, in *Cervi,* the need for time for the substituted counsel to familiarize himself with the case *alone* did not excuse the delay. *Id.,* 362 P.2d at 1053.

5. Dismissal with prejudice for failure to prosecute a claim extinguishes a plaintiff's cause of action without reaching the merits of the claim. Dismissal without prejudice will only have a preclusive effect if the statute of limitations has run while the case was pending. *See generally,* 27 C.J.S. *Dismissal & Nonsuit* § 73 (1959).

■ We have held that dismissal with prejudice is a harsh sanction which "should be reserved for gross violations" of Rule 41(e). *Zeller*, 577 P.2d at 697; *accord Mely v. Morris*, 409 P.2d 979, 982 (Alaska 1966) (dismissal with prejudice is a drastic remedy which should be applied only in extreme circumstances).

Similarly, federal courts have only resorted to dismissal with prejudice when there is a " 'clear record of delay or contumacious conduct by the plaintiff,' and 'lesser sanctions would not serve the best interests of justice.' " *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir.1987) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986)). These courts have also balanced other factors in determining the appropriate sanction for failure to prosecute. These other factors include the extent to which the plaintiff was personally responsible for the delay and whether the defendant suffered actual prejudice. *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976).

P.C.I. failed to make a diligent effort to move its case forward. After filing the case in December 1986 and performing some preliminary discovery, P.C.I. did nothing to pursue its claim for over 15 months. In order to forestall dismissal in June 1988, P.C.I. informed the court that it needed extra time for its new attorneys to study the case. It also stated its plans to locate and depose numerous individuals involved in the case. However, after receiving additional time from the trial court, P.C.I. did not take, or even schedule, a single deposition. The record does not indicate that P.C.I. took any affirmative action to move the case forward until after the court issued its second notice of dismissal in November 1988, three years after the case was filed.

Once a plaintiff has filed a lawsuit, it is subject to normal rules of court procedure. If there is some reason the plaintiff can not proceed with its case in a timely fashion, it should file a motion under Civil Rule 77

asking the court for additional time. In this case, however, P.C.I. elected to ignore this alternative and chose to keep both the defendants and the court in the dark as to the status of its case.

■ P.C.I.'s unexcused failure to proceed with its case for three years justifies dismissal with prejudice under Civil Rule 41(e). *See Rossi v. Mathers*, 749 P.2d 964 (Colo.App.1987) (dismissal with prejudice justified where plaintiff had failed to show that she had been diligently prosecuting her claim for over three years); *Salinas v. Sun Oil Co.*, 819 F.2d 105 (5th Cir.1987) (pattern of delay for over two years in the face of three warnings of dismissal justified dismissal with prejudice).

However, we have held that a party should not be barred from his or her day in court where an alternative remedy would suffice to make the adverse party whole. *Zeller*, 577 P.2d at 697. In this case the court considered and rejected alternative sanctions on two separate occasions. First, it considered Ebasco's request for an award of the costs of locating and deposing out of state witnesses if the court chose not to dismiss the case. Second, as requested by P.C.I. in its motion for reconsideration, it considered imposing a fine on P.C.I. In both instances, the court rejected these suggested alternatives.[6]

■ Although the court did not make explicit findings on this issue, the record discloses that it explored and rejected reasonable alternatives short of dismissal. We do not require the court to make explicit findings concerning alternative sanctions, nor do we require it to examine every single alternate remedy to dismissal. *But see Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir.1984) (dismissal with prejudice should be imposed only after full consideration of the likely effectiveness of less stringent measures). We require only that the record clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal. *See*

**6.** Under Civil Rule 77(m)(4), a motion for reconsideration on which the court has not ruled within 30 days is deemed denied. In this case, the court affirmatively denied P.C.I.'s motion for reconsideration. Thus, it is clear that the court *expressly* rejected the alternative sanction proposed by P.C.I.

*Von Poppenheim v. Portland Boxing & Wrestling Comm'n,* 442 F.2d 1047, 1054 (9th Cir.1971), *cert. denied,* 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972).

■ Furthermore, we find that Acres/Ebasco were prejudiced by the delay in prosecution.[7] Potential witnesses involved in the project relocated, making it more costly and difficult to interview and depose these individuals. P.C.I.'s continued failure to communicate with the defendants and the court made it impossible for Acres and Ebasco to adequately prepare their defense.[8]

■ Although we are reluctant to punish a client for the actions of his attorney, "[a] party 'cannot ... avoid the consequences of the acts or omissions of [his or her] freely selected agent.'" *Mely v. Morris,* 409 P.2d 979, 983 (Alaska 1966) (quoting *Link v. Wabash R.R.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)). In this case, P.C.I. has failed to differentiate its actions from those of its attorneys or to otherwise show that it shared no responsibility for the delay in prosecution. Other jurisdictions have held that a client is bound by the inaction of counsel which results in dismissal for failure to prosecute. *See e.g., Valente v. First Western Savings and Loan Ass'n,* 90 Nev. 377, 528 P.2d 699, 700 (1974); *Charlie Brown Constr. Co. v. Leisure Sports, Inc.,* 740 P.2d 1368, 1371 (Utah App.1987) (law office delays or fail-

ure are unacceptable excuses for failure to prosecute), *cert. denied,* 765 P.2d 1277 (Utah 1987). In such cases, a client has recourse to a professional malpractice action against counsel.[9] *Valente,* 528 P.2d at 700.

For the above reasons, we affirm the decision of the trial court.

RABINOWITZ, Chief Justice, with whom MATTHEWS, Justice, joins, dissenting.

Assuming that on this record a dismissal under Civil Rule 41(e) is warranted, I disagree with the majority's conclusion that the superior court did not abuse its discretion in ordering that the dismissal be with prejudice.

In *Zeller v. Poor,* 577 P.2d 695, 697 (Alaska 1976), this court stated,

Where a case is dismissed without qualification under Civil Rule 41(e) the dismissal is without prejudice. The court may, however, dismiss a case with prejudice but this sanction should be reserved for gross violations of the rule. We have expressed a policy favoring adjudication of cases on the merits, and we are reluctant to bar a litigant from his day in court where an alternative remedy would suffice to make the adverse party whole.[1]

(Footnotes omitted.) Review of the record persuades me that here dismissal with prej-

---

7. We emphasize that the defendants need not show prejudice from the delay when, as in this case, the delay is unreasonable. *Silverton v. Marler,* 389 P.2d 3, 6 (Alaska 1964) (dismissal under 41(b) does not require a showing of actual prejudice to the defendants when the delay in prosecution is unexcused); *see also Wong v. Davidian,* 206 Cal.App.3d 264, 253 Cal.Rptr. 675 (Cal.App.1988) (lack of prejudice to defendant is a valid consideration where plaintiff has acted diligently from the outset; however no affirmative showing of actual prejudice is necessary when the delay is unreasonable). However, we have held that "[p]rejudice or lack of it is a factor that may be considered by a court in a case of moderate or excusable neglect." *Silverton,* 389 P.2d at 6. We extend this logic to dismissals under Civil Rule 41(e).

8. P.C.I. attempts to establish that it had been actively pursuing its claims and notes that its extensive review of the case allowed it to eliminate several claims set forth in its complaint.

However, P.C.I. failed to communicate the results of this review to the defendants for well over a year. This failure underscores the fact that Acres and Ebasco were kept in the dark as to the status of the case. They were not in a position to prepare their defense because they did not know which claims P.C.I. intended to pursue.

9. The record is silent as to the actual causes of P.C.I.'s failure to pursue its action in this case. We therefore express no opinion as to whether or not a valid cause of action against counsel exists on these facts.

1. We have noted that: "[t]he dismissal of an action with prejudice or the entry of a judgment by default are drastic remedies, and should be applied only in extreme circumstances." *Mely v. Morris,* 409 P.2d 979, 982 (Alaska 1966) (quoting *Independent Prods. Corp. v. Loew's Inc.,* 283 F.2d 730, 733 (2d Cir.1960)).

udice constituted an abuse of discretion and that the case should be remanded for imposition of alternative sanctions.

In reaching this conclusion, consideration has been given to the following factors: (1) whether the conduct of P.C.I. was willful; (2) any lack of reasonable diligence on P.C. I.'s part; (3) the degree of prejudice to Acres and Ebasco caused by the delay; and (4) the superior court's consideration of sanctions less drastic than dismissal with prejudice. *Compare McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976). Study of the record fails to disclose adequate support for a finding of willful failure to prosecute. Nor is there evidence of bad faith or purposefully dilatory conduct by P.C.I. Further, I agree with P.C.I.'s contention that the sixteen month delay does not constitute a gross violation of Civil Rule 41(c). Of particular significance is the fact that at the time the superior court dismissed P.C. I.'s claims with prejudice, the six year statute of limitations had not run on P.C.I.'s contract claims against Acres and Ebasco.

Additionally, I am not persuaded that Acres and Ebasco made any affirmative showing of prejudice due to the fact that certain witnesses have relocated. While relocation may make it more costly and difficult to interview and depose these individuals, this is a normal risk of litigation. Nor was it shown that P.C.I.'s management of the litigation significantly inhibited Acres' and Ebasco's ability to adequately prepare their defense.

Given the absence of egregious conduct on P.C.I.'s part, and the fact that the commencement of the contract actions could have been deferred until the end of the six year limitation period, I would vacate the superior court's dismissal with prejudice and remand the matter for imposition of appropriate sanctions as a precondition to P.C.I. refiling its contract claims.[2]

2. For example, the superior court may assess against P.C.I. both Acres' and Ebasco's actual costs and attorney's fees incurred as an appropriate condition to the refiling of P.C.I.'s contract claims.