**SANDSTROM & SONS, INC., an Alaska corporation, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. S–4608.**

Supreme Court of Alaska.

Dec. 24, 1992.

James T. Stanley and Susan D. Mack, James T. Stanley Corp., P.C., Anchorage, for appellant.

James F. Klasen, Asst. Atty. Gen., Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

## I. INTRODUCTION

Sandstrom & Sons, Inc. sued the State of Alaska for breach of contract. During the course of the litigation, Sandstrom failed to comply with a superior court order requiring Sandstrom to produce discoverable materials. It also failed to oppose in a timely fashion the State's motion for summary judgment. As a sanction, the superior court dismissed Sandstrom's suit with prejudice. Sandstrom appeals. We remand.

## II. FACTS

Sandstrom sued the State over a road construction contract dispute on September 27, 1989. The superior court placed the case on the "fast track" pursuant to Civil Rule 16.1. Civil Rule 16.1(k) required Sandstrom to produce certain documents not later than 75 days after service of the summons and complaint.[1] It is undisputed that Sandstrom failed to comply with this rule.

On August 17, 1990, the superior court moved the case to the inactive calendar, warning Sandstrom that it would be dismissed "unless prior to the 61st day [after August 17] a valid motion to Set Trial and Certificate are filed." On October 16, Sandstrom filed its Motion to Set Trial and Certificate. In the motion, Sandstrom claimed, incorrectly, that it was in the process of complying with Civil Rule 16.1(k).

On December 12, the State submitted eleven interrogatories and a request for production of documents to Sandstrom.[2] Although the answers and production were due on January 11, 1991,[3] Sandstrom never responded to the interrogatories and failed to produce all the requested documents.[4]

1. Civil Rule 16.1(k) required in part that Sandstrom furnish the State with all documents regarding the interpretation of their contract and all documents evidencing damages by December 19, 1989.

2. Many of the items requested by the State were due a year earlier pursuant to Civil Rule 16.1(k).

3. Civil Rules 33(a) and 34(b) provide that a party has 30 days to respond to interrogatory and production of document requests.

4. On January 22, 1991, Sandstrom responded to the State's request for production by indicating that the documents requested were available for copying. However, when the State reviewed the documents it discovered that "numerous categories of documents were completely missing including employee and equipment time cards,

On February 6, the State filed a motion to compel Sandstrom to comply. Sandstrom never responded to the State's motion to compel.

On February 19, the State filed a motion for summary judgment. On February 20, Sandstrom moved to allow Sandstrom's attorney, Craig Schmidt, to withdraw from representing Sandstrom. On March 4, the superior court granted Sandstrom's motion allowing Schmidt to withdraw, but ordered Sandstrom to immediately retain another attorney: "New counsel for the corporate plaintiff shall enter [an] appearance immediately." At the same time, the superior court granted the State's motion to compel, ordering Sandstrom to comply with the State's discovery requests by March 25. The court also ordered Sandstrom to "file and personally serve an opposition to the state's motion for summary judgment" by March 25. The court expressly warned Sandstrom that it would dismiss Sandstrom's complaint if Sandstrom did not oppose the State's motion for summary judgment: "Failure of the plaintiff to oppose the state's motion for summary judgment within 20 days from the date of this order shall result in the dismissal of the plaintiff's complaint."

Despite the superior court's order to immediately retain another attorney, Sandstrom did not begin looking for another attorney until March 11, and did not retain another attorney until March 26, one day after the court's deadline for Sandstrom to respond to the State's discovery requests and to oppose the State's motion for summary judgment. Even after retaining another attorney, Sandstrom did not respond to the State's discovery requests, and did not oppose the State's motion for summary judgment. Instead, ·on March 29 Sandstrom requested a sixty day extension of time to oppose the State's motion for summary judgment "with the appropriate extensions for discovery." In response to Sandstrom's motion for extensions of time, the State asked the superior court to dis-

miss Sandstrom's action as a Civil Rule 37(b) sanction for Sandstrom's failure to comply with the court's discovery order.

The superior court did not explicitly address Sandstrom's March 29 motion. Instead, on April 24 the superior court dismissed Sandstrom's complaint as a sanction for Sandstrom's noncompliance with the court's March 4 order. Specifically the superior court stated:

> The court finds that the plaintiff has failed to comply with the court's order of March 4, regarding discovery owed to the state, plaintiff has failed to timely oppose [the state's] summary judgment motion as per the March 4, 1991 order, and that the plaintiff has offered no adequate justification for that failure and further that the plaintiff's repetitious conduct in failing to provide discovery shows a willfulness to violate the court's orders and the civil rules, [sic] therefore the court hereby dismisses the plaintiff's complaint with prejudice as a sanction for failing to comply with the court's order of March 4, 1991.

The superior court denied Sandstrom's motion for reconsideration. Sandstrom appeals.

## III. DISCUSSION

■■■ Civil Rule 37(b)(2)(C) authorizes the superior court to dismiss an action if a party fails to comply with a discovery order.[5] However, since the law disfavors litigation ending sanctions, the superior court has the discretion to impose such sanctions only in "extreme circumstances." *Otis Elevator Co. v. Garber*, 820 P.2d 1072, 1074 (Alaska 1991). We have held that "a party should not be barred from his or her day in court where an alternative remedy would suffice to make the adverse party whole." *Power Constructors v. Acres American*, 811 P.2d 1052, 1055 (Alaska 1991). Thus, "the record [must] clearly indicate a reasonable exploration of

---

accounting ledgers, payroll records and all other documents verifying the claimed damages."

**5.** We review a trial court's choice of Rule 37 sanctions for abuse of discretion. *Alaska Trams v. Alaska Elec. Light & Power*, 743 P.2d 350, 354 (Alaska 1987).

possible and meaningful alternatives to dismissal." *Id.*

Additionally, for Civil Rule 37(b) sanctions to be appropriate, a party's failure to comply with a court order must be willful. *Rohweder v. Fleetwood Homes of Oregon,* 767 P.2d 187, 190 (Alaska 1989). "Willfulness" is defined as "a conscious intent to impede discovery." *Hawes Firearms Co. v. Edwards,* 634 P.2d 377, 378 n. 2 (Alaska 1981).

In the case at bar, Sandstrom failed to comply with the superior court's order compelling it to respond to the State's discovery requests and the State's motion for summary judgment. By failing to comply with the discovery order, Sandstrom violated Civil Rule 37(b).

■ Sandstrom argues that the superior court's dismissal with prejudice denied it procedural due process because the superior court did not hold a specific dismissal hearing. However, almost two months before the dismissal, in its March 4 discovery order, the superior court explicitly forewarned Sandstrom that it would face dismissal with prejudice if it failed to comply with the order. This order afforded Sandstrom notice and an adequate opportunity to be heard on the dismissal issue. The superior court therefore afforded Sandstrom procedural due process. *Graham v. State,* 633 P.2d 211, 216 (Alaska 1981) (procedural due process requires the State to afford a person an opportunity for a hearing before the State deprives that person of a protected property interest).[6]

■ The only explanation that Sandstrom offered in its brief and at oral argument to justify its misconduct is that it was without counsel from March 4, 1991 until March 26, 1991. This does not explain

Sandstrom's failure to comply with the superior court's order after March 26. Moreover, it does not adequately explain Sandstrom's failure to comply with the superior court's order between March 4 and March 26.[7]

■ While Sandstrom's conduct deserves sanction, we remand the case because the superior court failed to explore any sanctions other than dismissal. In *Power Constructors,* we held that before dismissing a case with prejudice the superior court must examine less drastic sanctions:

> We do not require the court to make explicit findings concerning alternative sanctions, nor do we require it to examine every single alternate remedy to dismissal. We require only that the record clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal.

811 P.2d at 1055 (citations omitted). In *Power Constructors,* we found evidence of such a "reasonable exploration" since the superior court rejected the plaintiff's offer to pay for the cost of deposing out of state witnesses and its offer to pay a fine to avoid dismissal. *Id.*

In the present case, the record contains no evidence that the superior court considered alternative sanctions. The State suggests that "the trial court considered and rejected non-litigation ending sanctions in the court's rejection of Sandstrom's motion for extension of time and in its rejection of Sandstrom's motion for reconsideration of the court's order to dismiss." Our examination of the record does not support this contention. Thus, we must remand the case for a "reasonable exploration" of al-

---

**6.** In addition, in response to Sandstrom's motion for extensions of time, the State specifically requested the superior court to dismiss Sandstrom's action as a Civil Rule 37(b) sanction for Sandstrom's failure to comply with the court's discovery order. Sandstrom had the opportunity to oppose the State's request in its reply brief. This opportunity independently afforded Sandstrom procedural due process.

**7.** Sandstrom's delay in finding a new attorney was not reasonable. According to Sandstrom,

sometime between December 18, 1990 and January 22, 1991, its original attorney, Craig Schmidt, "ceased practicing law." Therefore, Sandstrom should have started searching for a new attorney on January 22, at the latest. However, according to Sandstrom it did not start looking for a new attorney until March 11. This occurred twenty days after Sandstrom filed its motion to recuse Schmidt and seven days after the superior court granted that motion.

ternative sanctions.[8] We express no view at this time as to whether the imposition of a litigation ending sanction of dismissal with prejudice is warranted.

REMANDED for further proceedings as required by this opinion.

**8.** We note that *Power Constructors* addressed dismissal under Civil Rule 41(e), whereas the present case concerns dismissal under Civil Rule 37(b)(2)(C). The *Power Constructors* requirement that the court examine alternative sanctions applies with equal force to Rule 37(b) since the results of the two Rules are the same: A party is barred from his or her day in court. Such an "extreme sanction" should always require an examination of alternative sanctions.