John WILLIS, Appellant,

v.

WETCO, INCORPORATED, Appellee.

No. S–4905.

Supreme Court of Alaska.

June 4, 1993.

---

8. 1 Lord Edward Coke, *The Second Part of the* *Institutes of the Laws of England* 48 (1797).

John E. Havelock, Ely & Havelock, Anchorage, for appellant.

Walter T. Featherly, III, Koval & Featherly, P.C., Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

RABINOWITZ, Justice.

The primary issue in this appeal is whether the superior court abused its discretion in dismissing, pursuant to Civil Rule 41(e), Willis' counterclaim for failure to prosecute.

### FACTS AND LOWER COURT PROCEEDINGS

John Willis is a boiler and water treatment technologist who began work for Wetco Incorporated (Wetco) as a commissioned salesman in May of 1986. Wetco's business includes sales, consulting, and maintenance services related to the operation of boiler systems, cooling towers, water softeners and piping systems.

Willis signed a confidentiality agreement with Wetco. The agreement provided that Willis would never use for himself or others or convey to others "any secret or confidential information, knowledge or data of WETCO, INC." obtained by Willis during the course of his employment. Thereafter, Willis began receiving base pay from Wetco in addition to his sales commissions.

Willis also signed a noncompetition agreement. Approximately one year later Willis resigned from Wetco. Willis subsequently went to work for Matanuska Maid. Wetco alleges that Willis violated the terms of the noncompetition and confidentiality agreements both by working for a Wetco client while ostensibly working for Wetco, and by using confidential information that he had gained from Wetco during his subsequent employment with Matanuska Maid.

Wetco filed a Complaint and Petition for Temporary Restraining Order asking that Willis be enjoined from violating the terms of the noncompetition agreement and confidentiality agreements, alleging both that Willis was in breach of the agreements and that Willis had tortiously interfered with the business dealings of Wetco. Judge Fabe granted the Temporary Restraining Order and thereafter entered a Preliminary Injunction which limited the scope of Willis' waste water and sanitation services in Alaska.

On July 26, 1989, Wetco filed a first amended complaint. On August 14, 1989, Willis filed an answer and counterclaim. On August 28, 1989, Wetco answered Willis' counterclaim and filed a motion to remove the case from the fast track calendar. On October 27, 1989, Judge Shortell reassigned the case to a "non-fast track Judge." Wetco alleges that no pleadings were filed in the case for the next 22 months.

On August 13, 1991, the clerk of the superior court entered an order requesting the parties to show cause in writing within 30 days why the case should not be dismissed, and noting that if good cause were not shown, the case would be dismissed for lack of prosecution under Civil Rule 41(e). On September 12, 1991, Willis filed an Opposition to Entry of Order of Dismissal and a Statement of Good Cause, and a Memorandum to Set Civil Case for Trial, noting that:

> The reason that the case has been inactive is that the defendant's injuries at the hand of the plaintiff are continuing so that uncertainties in the cumulative injuries suffered by the defendant are clarified by the passage of time. But the time is now ripe for an adjudication of the defendant's rights.

■ On October 24, 1991, Judge Michalski dismissed the case. Willis then filed a motion to reconsider the dismissal, which was denied. This appeal followed.[1]

---

1. This court will review a lower court's dismissal of an action under Rule 41(e) under the abuse of discretion standard. *Power Constructors, Inc. v. Acres American,* 811 P.2d 1052, 1054 (Alaska 1991). Under the abuse of discretion standard, this court will reverse a lower court if it is "left with the definite and firm conviction on the whole record that the trial judge has

## DISCUSSION

A. *Did the superior court abuse its discretion by dismissing Willis' counterclaim for failure to prosecute?*

Civil Rule 41(e) states:

**Dismissal for Want of Prosecution.** Actions which have been pending in a court for more than one year without any proceedings having been taken may be dismissed as a matter of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The clerk shall review all pending cases semi-annually and in all cases in which no proceedings have been taken for more than one year, the court shall hold a call of the calendar or the clerk shall send notice to the parties to show cause in writing why the action should not be dismissed. If good cause to the contrary is not shown at a call of the calendar or within 30 days of distribution of the notice, the court shall dismiss the action.... A dismissal for want of prosecution is without prejudice unless the court states in the order that the case is dismissed with prejudice.

Willis lists five points to support his claim that the superior court erred in dismissing his action.[2]

Willis argues that:

Prior to the *Power Constructors* decision, the ordinary practitioner would appear to have been able to rely on a well established line of authority in Alaska that the clerk's notice under Rule 41(e) is a ringing of the wake-up bell not a thud from the first shovelful of dirt on the coffin. We propose that the *Power Constructors* rule should be read as meaning "A pretrial memorandum filed after the court issues its notice of dismissal does not *always* constitute a 'proceeding' which would block dismissal under Court Rule 41(e)."

This argument is without merit. Our statement in *Power Constructors*, 811 P.2d 1052, 1054 (Alaska 1991), is clear and unambiguous: "A pretrial memorandum filed after the court issues its notice of dismissal does not constitute a 'proceeding' under Civil Rule 41(e)."

Willis argues that his memorandum to set for trial, coupled with his "good faith explanation" of the reasons for delay constitute a showing of "good cause" pursuant to Rule 41(e).

Willis' "good faith explanation" is his statement that the case had been inactive because "the defendant's injuries at the hand of the plaintiff are continuing so that uncertainties in the cumulative injuries suffered by the defendant are clarified by the passage of time. But the time is now ripe for an adjudication of the defendant's rights."

■ A showing of "good cause" has been described as the production of "a reasonable excuse for the lack of prosecution." *Power Constructors*, 811 P.2d 1052, 1054 (Alaska 1991) (citing to *Brown v. State*, 526 P.2d 1365 (Alaska 1974)).

■ Here, Willis' showing of good cause fails on two grounds. First, Willis has not explained what aspect of his damages were continuing to accumulate, or why the time is any more "ripe" for trial now than earlier if the alleged damages are still accumulating. Secondly, a review of his counterclaim indicates that there is no support for this excuse.[3] Thus we conclude that the

made a mistake." *Gregor v. Hodges*, 612 P.2d 1008, 1010 (Alaska 1980) (quoting *Gravel v. Alaskan Village, Inc.*, 423 P.2d 273, 277 (Alaska 1967)).

2. First, Willis notes:
   The function of the notice sent out by the clerk of the superior court under Rule 41(e), ARCP, is to put the parties on notice that the action will be dismissed if one of the parties does not undertake an act to be judicially recognized before the return date on the notice.

This appears to be more of a statement than an argument. Willis does not brief this issue with any particularity, and the statement does not raise any issues not covered by his fourth claim. Therefore we conclude it does not merit further discussion.

3. In his counterclaim, Willis stated six causes of action; (1) for recovery of earnings for services rendered, (2) for wrongful discharge (alternatively referenced as constructive discharge), (3) for tortious interference with the right to contract with others, (4) for "abuse of process,"

superior court did not abuse its discretion in holding that Willis failed to demonstrate good cause.

Lastly, Willis claims that the superior court failed to consider alternatives to dismissal noting that *Power Constructors* requires that "the record clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal."

We have held that a litigation ending sanction, such as dismissal with prejudice, is an extreme sanction. Prior to imposition of such a sanction there must be record evidence of the court's consideration of lesser sanctions. *See Power Constructors*, 811 P.2d at 1055; *cf. Sandstrom & Sons, Inc. v. State of Alaska*, 843 P.2d 645, 647–48 (Alaska 1992) (requiring that the record demonstrate consideration of lesser sanctions prior to a dismissal with prejudice under Rule 37(b)).[4]

Upon consideration of the foregoing we hold that the superior court did not abuse its discretion in entering its Civil Rule 41(e) order dismissing Willis' counterclaim for failure to prosecute. Given the calendar clearing goal of Rule 41(e) as well as its additional goal of protecting parties against undue delay,[5] and the fact that dismissals under the rule are without prejudice, we conclude that a trial court is not under a duty to explore meaningful alternatives before entering a dismissal without prejudice under Rule 41(e). The relevant inquiry on the court's part in cases of this nature is to determine whether any proceedings have been taken within the one year period, and if no proceedings have been taken for more than one year to determine whether or not good cause has been shown why the action should not be dismissed.[6]

alleging that Wetco had used false or intentionally misleading testimony, (5) for conspiracy in restraint of trade, (6) for "attempt to monopolize." By his own admission in the counterclaim, damages for the first claim could be recovered based upon an accounting by Wetco. Damages for the second claim, if found to be warranted, would be awarded based on an estimate of the harm to Willis' earning capacity projected forward in time. With regard to the third claim, Willis could have requested an injunction to address the claim for tortious interference, if he believed the interference was ongoing. Crediting the allegations of the fourth claim, Willis would have been benefited by a swift resolution of the case, as the preliminary injunction could have been dissolved. The primary focus of the final causes of action, for conspiracy and attempt to monopolize, is damage to Willis at the time that he signed the anticompetition agreement and shortly thereafter, while he resided in Alaska. Again, if proved, these damages could be estimated and projected forward in time to provide him with adequate compensation under AS 45.50.576.

4. Rule 41(e) provides that unless the court specifically states that a dismissal is with prejudice, the action is dismissed without prejudice. *See Champion Oil Co., Inc. v. Herbert*, 552 P.2d 670 (Alaska 1976). Here the notice of dismissal reads: "It is ordered that the case is dismissed without prejudice to the remaining issues."

Therefore, under the terms of Rule 41(e) the dismissal in the case at bar was without prejudice.

5. In *Power Constructors, Inc. v. Acres American*, 811 P.2d 1052 (Alaska 1991) we said:

A pretrial memorandum filed after the court issues its notice of dismissal does not constitute a "proceeding" under Civil Rule 41(e). Any other finding would severely weaken Civil Rule 41(e). This rule serves several functions. First, as an administrative matter, it allows the court to "clear [its] calendar of cases that are not being prosecuted diligently." *First Nat'l Bank of Fairbanks v. Taylor*, 488 P.2d 1026, 1032 (Alaska 1971). Second, it forces plaintiffs to keep their cases moving at a reasonable speed. *Id.* "Under Rule 41(e), the plaintiff bears the burden to diligently pursue the enforcement of his cause of action." *Shiffman, [v. K, Inc.]*, 657 P.2d [401] 403 [Alaska 1983]. Finally, Civil Rule 41(e) "serves to protect a defendant from undue delays which might subject him to harassment or force settlement of an otherwise nonmeritorious lawsuit."

*Id.* at 1054 (footnote omitted).

6. Alaska Statute 09.10.240, the Alaska savings statute, applies to Civil Rule 41(e) dismissals. *See Smith v. Stratton*, 835 P.2d 1162, 1165 (Alaska 1992).

The superior court's Civil Rule 41(e) dismissal without prejudice of Willis' counterclaim is **AFFIRMED.**[7]

---

7. We have examined Willis' remaining assertions of error and have determined that none are properly before us. All issues pertaining to the superior court's issuance of the preliminary injunction are now moot. Further, our review of the record persuades us that no basis for invocation of the public interest exception to the mootness doctrine has been demonstrated. None of Willis' points regarding the enforceability of the covenant not to compete has been raised properly in this appeal.