Frank **ARBELOVSKY** and Chris Garcia, Appellants,

v.

**EBASCO SERVICES, INC.,** Ebasco Constructors, Inc., Losinger USA, Inc., and Enserch Alaska Construction, Inc., individually and collectively, d/b/a Enserch Constructors, J.V., and City Electric, Inc., Appellees.

No. S–6869.

Supreme Court of Alaska.

Aug. 9, 1996.

Robert C. Erwin and Roberta C. Erwin, Law Offices of Robert C. Erwin, and Richard B. Collins, Anchorage, for Appellants.

Michael W. Sewright, Burr, Pease & Kurtz, Anchorage, for Appellee Enserch Constructors, J.V.

Cynthia L. Ducey and Andrew Guidi, Delaney, Wiles, Hayes, Gerety & Ellis, Inc., Anchorage, for Appellee City Electric, Inc.

Before COMPTON, C.J., RABINOWITZ and MATTHEWS, JJ., and SHORTELL, J. Pro Tem.*

## OPINION

SHORTELL, Justice Pro Tem.

In this appeal, we are called upon to determine whether the trial court abused its discretion in ordering Arbelovsky's and Garcia's case dismissed with prejudice. We reverse.

### I. FACTS AND PROCEEDINGS

On February 4, 1991, plaintiffs Frank Arbelovsky and Chris Garcia (the plaintiffs)

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

filed a lawsuit against City Electric, Inc. (City Electric) and a group of defendants that consists of Ebasco Services, Inc., Ebasco Constructors, Inc., and Enserch Constructors, J.V. (ECJV) (City Electric and ECJV are referred to collectively as "the defendants"). ECJV was served in March 1991. ECJV answered the complaint on April 17, 1991. Two and one-half years later, on July 2, 1993, the plaintiffs served the complaint and summons on City Electric. City Electric moved to dismiss the suit under Civil Rule 41(e) for failure to prosecute because more than one year had passed "without any proceedings having been taken." On August 11, 1993, the superior court dismissed the lawsuit without prejudice. Prior to becoming aware of the court's August 11 dismissal without prejudice, ECJV filed a motion for dismissal with prejudice. On August 20, 1993, the plaintiffs refiled their lawsuit against the defendants. City Electric joined ECJV's motion to dismiss with prejudice on August 27, 1993. The superior court denied this motion as moot in light of the August dismissal without prejudice. However, the court noted that the defendants could raise their claim for dismissal with prejudice in the case refiled on August 20.

They did not do so. Instead, City Electric and ECJV both filed motions for awards of costs and attorneys' fees as a precondition to the plaintiffs continuing their second lawsuit. On May 11, 1994, the superior court issued two orders granting both motions for fees and costs. The court ordered the plaintiffs to pay $2,856.14 in costs and attorneys' fees to City Electric and $2,925.00 to ECJV as a condition of maintaining the suit. Each order required the plaintiffs to pay within thirty days or the case would be dismissed with prejudice. Payment was due on June 10, 1994. On May 19, 1994, the plaintiffs served a motion asking the court to reconsider its May 11, 1994 orders. Denial of this motion was entered on June 6, 1994, but not mailed by the court until June 21, 1994.

Perhaps due to a mistaken belief that their motion for reconsideration automatically stayed the order to pay costs and fees, the plaintiffs did not mail payment until June 23, 1994, and defendants did not receive it until June 27, 1994. Thus, payment was tendered thirteen days after the June 10 due date.

On June 22, 1994, ECJV filed a motion to dismiss with prejudice for failure to obey the court's order to pay fees and costs. City Electric joined the motion. These motions to dismiss were based solely on the failure to pay costs and fees in a timely manner.[1] The next day, June 23, 1994, the plaintiffs filed an opposition to the motions, arguing that their May 19 motion for reconsideration stayed the May 11 orders and that they had made pay-

1. ECJV's motion states:

Come now the defendants ... and move for an order dismissing the plaintiffs' claims against them herein with prejudice, in accordance with this court's order dated May 11, 1994.

The attached affidavit of counsel read:

2. On May 11, 1994, this court entered an Order directing that plaintiffs' case against the ECJV defendants would be dismissed with prejudice unless the plaintiffs paid those defendants $2,925 in costs and attorney's fees within 30 days of the order and provided the court with proof of payment.

3. More than 30 days has elapsed since the date of the Order without the plaintiffs making payment to the ECJV defendants in accordance with that order. Plaintiffs have made no payment to the ECJV defendants and, insofar as the ECJV defendants are aware, have not provided the court with any sort of proof of payment. Therefore, according to the terms of the May 11, 1994 Order, plaintiffs' case against the ECJV defendants should be dismissed with prejudice.

City Electric's July 5, 1994 joinder in ECJV's motion to dismiss with prejudice states:

City Electric, Inc., joins in Enserch's motion to dismiss the above-referenced case with prejudice for failure to pay court ordered costs and attorney's fees in a timely fashion. City Electric received payment from Mr. Collins' trust account well past the deadline set by the court for payment of costs and fees. Payment was received by uncertified check in the law offices of Guess & Rudd on June 27, 1994. *See* Affidavit of Cynthia L. Ducey attached. The check has been deposited in Guess & Rudd's trust account to ensure that it will clear. Pursuant to the court's order, payment was to have been received no later than June 15, 1994 (payment to be made "within 30 days" of the May 11, 1994 order). Payment is untimely and the case should be dismissed with prejudice. This is simply the latest in a series of failures by Mr. Collins to prosecute the case or to follow court orders. The case should be dismissed with prejudice.

ment immediately after reconsideration was denied.

On June 30, 1994, the court (apparently prematurely) denied the motion to dismiss. On July 7, the plaintiffs filed an additional opposition to the motion. The defendants subsequently moved for reconsideration of the denial of the motion. The court granted reconsideration on July 29, 1994, and vacated its June 30 order. The court scheduled oral argument on the motions to dismiss for September 22, 1994.

Counsel for the plaintiffs did not appear at the September 22 hearing. The court attempted to contact plaintiffs' counsel at his office, but received only an outdated message. After proceeding with oral argument in the absence of the plaintiffs' counsel, Judge Link granted the pending motions.

Judge Link expressed frustration with the fact that his orders had not been followed in a timely manner. He noted that the sanctions he had imposed for failure to prosecute should have warned the plaintiffs to pay particular attention to the case. He expressed concerns about the ability of the defendants to litigate the case because of the time that had passed since the case was filed and said that he thought that sanctions short of dismissal with prejudice would not be sufficient to make up for the injuries suffered by the defendants. He dismissed the case with prejudice.

## II. *DISCUSSION*

■ A trial court's decision to dismiss a case with prejudice is evaluated under the abuse of discretion standard of review. *Power Constructors, Inc. v. Acres Am.,* 811 P.2d 1052, 1054 (Alaska 1991). Under the abuse of discretion standard, the trial court's decision will only be overturned if this court has "a definite and firm conviction that the judge made a mistake." *City of Kenai v. Ferguson,* 732 P.2d 184, 190 (Alaska 1987).

■ A trial court's discretion to order litigation-ending sanctions is severely limited, whether the dismissal is requested as a discovery sanction under Civil Rule 37, or for non-compliance with court orders pursuant to Civil Rule 41(b), or as a result of a litigant's failure to prosecute a claim as required by Civil Rule 41(e). There must be "willful noncompliance" with court orders,[2] or "extreme circumstances,"[3] or "gross violations" of the Rules.[4] The record must also "clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal." *Power Constructors,* 811 P.2d at 1055. Exploration of alternative sanctions will not be assumed if the record is inadequate, nor will conclusory rejection of all sanctions short of dismissal be accepted as a reasonable exploration of meaningful alternatives. *Hughes,* 875 P.2d at 753. If meaningful alternative sanctions are available, the trial court must ordinarily impose these lesser sanctions rather than a dismissal with prejudice. *Power Constructors,* 811 P.2d at 1055, citing *Zeller v. Poor,* 577 P.2d 695, 697 (Alaska 1978); *see also Mely,* 409 P.2d at 983 (holding Rule 41(b) sanction of dismissal with prejudice too harsh).

■ Applying these principles to the present case, we conclude that Judge Link abused his discretion in dismissing this action with prejudice. The motions before him complained of the plaintiffs' late payment of approximately $6000 ordered as a condition to prosecuting their lawsuit. Payment had been made no more than thirteen days late, immediately after denial of the plaintiffs' motion for reconsideration of the payment order. Judge Link did not find non-compliance with his payment order to be willful and the record would not support such a finding. The circumstances of the delay fall far short of the requisite willful non-compliance required to uphold such a drastic sanction. *Mely,* 409 P.2d at 982 (Alaska 1966).

Judge Link considered more, however, than the minimal delay in payment in entering his dismissal order. He took into consideration the history of the case, his prior

---

2. *Otis Elevator Co. Inc. v. Garber,* 820 P.2d 1072, 1074 (Alaska 1991); *Hughes v. Bobich,* 875 P.2d 749 (Alaska 1994).

3. *Mely v. Morris,* 409 P.2d 979, 982 (Alaska 1966).

4. *Power Constructors,* 811 P.2d at 1055.

228

dismissal without prejudice, the frustrating, unresponsive conduct of the plaintiffs and their lawyer, and the defendants' assertions of prejudice resulting from that conduct. He appears to have expanded the issues before him to encompass arguments for dismissal with prejudice raised in prior motions. He decided that alternative sanctions short of complete dismissal would be inadequate under the circumstances.[5]

To the extent the dismissal here was ordered based on the trial court's re-evaluation of arguments made in prior defense motions, the findings supporting his dismissal order are problematic for a number of reasons.

First, attorneys' fees to compensate the defendants for prior dilatory conduct had been deemed adequate sanctions shortly before the final dismissal order was entered. Although the defendants complained that these fees were inadequate compensation under the circumstances, there would seem to be nothing hindering the trial court from ordering increased monetary sanctions against the plaintiffs for their latest transgressions, including, perhaps, compensation for all attorneys' fees reasonably spent on the latest motions. Further prosecution of the lawsuit could have been conditioned on payment of those fees.

Second, the passage of time and its effect on the defendants was the focus of the trial court's concern at the September 22 hearing. Prior to that hearing, the court had never found that the passage of time had prejudiced the defendants. The evidence in support of those assertions was not particularly strong. ECJV's initial motion to dismiss with prejudice[6] was supported solely by the affidavit of its lawyer. Fairly summarized, that affidavit stated that ECJV's lawyer had been informed that the ECJV joint venture had terminated, that one of the joint venturers had gone out of business, that the offices of the other joint venturers had relocated out of Alaska, that five of the employees of the joint venturer no longer worked for any of the ECJV defendants, that "none of these persons has been interviewed or contacted" regarding the lawsuit, and that locating joint venture records as of August 1993 would be "unusually difficult and expensive."

City Electric's joinder in the motion did not supplement ECJV's counsel's affidavit with any additional evidence. Both motions would have been properly denied on the evidentiary record that then existed.

No further evidence of prejudice was brought to the court's attention in any of the defendants' subsequent motions to dismiss. The only supplementary proof on this issue consisted of three affidavits submitted in support of ECJV's May 1994 motion for protective order. Two of these affidavits were signed by ex-employees of ECJV; they described with more particularity the expense and difficulty of finding records from the project and locating its prior employees. Significantly, neither of these affidavits actually said that any particular employee could not be located after diligent efforts had been attempted. The third affidavit was signed by ECJV's lawyer. It set out at greater length his previous affidavit's assertions of difficulty

---

5. He said:

> [W]ell, I can't pass judgment on the validity of the plaintiffs' claims, I don't know anything about them, but I do know that the affidavits that have been submitted saying how hard this thing is to defend as a result of the passage in time make perfect sense. The JV has been dissolved, the records are at different parts of the country, people have retired, moved to different parts of the country, memories have faded. You know, there comes a point in time when enough is enough, and this is enough.
>
> . . . .
>
> If there was a way to level the playing field, for example, if I could require that plaintiffs paid each defendant $25,000.00 and costs and attorney fees or something so that the attorneys could be compensated for the amount of time they spent trying to make plaintiff comply with

the Civil Rules and the case could then proceed on an even playing field level—on a level playing field, I'd probably do that. But I can't because of the dissipation of the evidence that the defendants need to defend this case. That sanction wouldn't work. I've tried everything else. So it's, as far as I'm concerned, the system simply can't tolerate any more of the abuse that it's taken, and I don't expect the defendants to.

6. This motion was denied by Judge Link as moot. In denying this motion, Judge Link said: "The parties are also advised that this court believes that affidavits given in support of motions to dismiss must be made from personal knowledge."

and expense of locating pertinent ECJV documents and identifying those that were discoverable.

The proof available to the court on September 22, 1994 on all motions, including motions other than the pending motions to dismiss, showed no more than that future discovery would be an expensive and difficult process, and witnesses might be difficult to locate.

Judge Link had considered these assertions before. He had reserved the option of ordering the plaintiffs to pay up to $10,000.00 of future discovery costs "pending a showing of how much cost is attributable to delay and how much would have been incurred with a timely prosecution." He could have ordered payment of these fees as a condition of continued prosecution if the proof had been supplemented appropriately. It never was.

The evidentiary record available at the time of dismissal was insufficient to support the conclusion that dismissal with prejudice was the only sanction reasonably available.[7] The trial court abused its discretion in granting the defendants' motions.

## III. CONCLUSION

The plaintiffs engaged in serious dilatory conduct. They inexcusably delayed prosecuting their case for years and the trial court appropriately dismissed the case without prejudice for the initial delay. It properly conditioned further prosecution of the case on the payment of costs and attorneys' fees. It reasonably reserved the option of requiring payment of further costs occasioned by the plaintiffs' delay and inactivity. But it abused its discretion in dismissing the case with prejudice after the plaintiffs did not comply promptly with its order for payment of costs and fees. Even assuming that the record showed the type of extreme circum-

stances required for such a dismissal, the trial court did not adequately explore possible and meaningful alternatives to dismissal. Further orders requiring payment of costs and fees occasioned by the plaintiffs' conduct might have been appropriate, as well as orders requiring pretrial discovery and trial preparation to be completed within a reasonable time. These measures and appropriate sanctions for failure to comply with them in the future are still available to the trial court.

The trial court's order dismissing the plaintiffs' complaint with prejudice is REVERSED.

EASTAUGH, J., not participating.

---

7. This is not to say that a party's past record of misconduct is off-limits to a court when it considers imposition of sanctions. On the contrary, the scope and duration of prior misconduct should be considered in determining whether sanctions should be imposed and how severe they should be. But the ultimate sanction of dismissal with prejudice should be reserved for cases in which lesser sanctions are not reasonably available or the misconduct of the party

being sanctioned is so egregious that a lesser sanction would be inappropriate. Even if prejudice need not be shown in all cases involving unreasonable delay, *Power Constructors*, 811 P.2d at 1056 n. 7, in cases such as this, where the court actually considered prejudice as a dispositive factor supporting its dismissal order, the evidentiary record must support its conclusion that the most drastic sanction available should be applied.