**Susan SHIFFMAN and Frederick A. Hart III, Appellants,**

v.

**"K", INC., an Alaska corporation and the Municipality of Anchorage, a municipal corporation and Sunrise Electric, Inc., an Alaska corporation, Appellees.**

**Susan SHIFFMAN, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, a municipal corporation, "K", Inc., an Alaska corporation and Sunrise Electric, Inc., an Alaska corporation, Appellees.**

Nos. 5615, 6312.

Supreme Court of Alaska.

Jan. 21, 1983.

---

Robert Opland, Opland, Johnston & Boedeker, Anchorage, for appellants.

Mark A. Sandberg, Camarot, Sandberg & Hunter, Anchorage, for appellees.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

These cases involve procedural questions concerning dismissal for want of prosecution and the application of the statute of limitations to the refiling of such a dismissed case. We hold that the superior court's dismissal for want of prosecution pursuant to Alaska Civil Rule 41(e) was improper and accordingly reverse.[1]

On August 10, 1977, a car owned by Frederick Hart (Hart) in which Susan Shiffman (Shiffman) was travelling collided with a light pole near the corner of Arctic Boulevard and Tudor Road in Anchorage, Alaska. On April 27, 1978, Shiffman and Hart filed a complaint (No. 3AN 78–2898) against "K", Inc. and the Municipality of Anchorage, alleging that negligent road construction at the intersection proximately caused Shiffman's personal injuries and Hart's property damage. Two answers, a cross-claim, and a reply to the cross-claim were subsequently filed. Thereafter the parties stipulated to allow the filing of an amended complaint. On June 7, 1979, an amended complaint was filed by Shiffman and Hart adding Sunrise Electric, Inc. as a defendant. On June 25, 1979, defendant Sunrise Electric, Inc. filed its answer. On August 21, 1979, a counsel substitution for Shiffman and Hart was filed with the court. Nothing further occurred on record in this case until June 20, 1980, when the defendants, appellees here, filed a motion to dismiss for lack of prosecution under Rule 41(e).

On July 3, 1980, Shiffman and Hart filed opposition to the dismissal motion, and noticed a deposition of the "K", Inc. Project Manager to be taken on July 15, 1980. On August 11, 1980 the superior court dismissed the case pursuant to the motion: "It appearing that no proceedings have taken place in this litigation for more than one year...." Shiffman and Hart appealed.

On December 23, 1980, Shiffman and Hart refiled their complaint (No. 3AN 80–8666) against all three defendants. The complaint included a statement of the previous filing and cited AS 09.10.240[2] as extending the time for timely filing. A motion to dismiss Shiffman's claims for personal injury as barred by the two year statute of limitations provided in AS 09.10.070[3] was granted by the superior court on March 23, 1981. Shiffman again appealed.

---

1. Therefore, we do not decide whether a case dismissed for want of prosecution falls within the statute of limitations saving statute (AS 09.10.240) so as to extend the time for refiling.

2. AS 09.10.240 provides:

   "*Commencement of action after dismissal or reversal.* If an action is commenced within the time prescribed and is dismissed upon the trial or upon appeal after the time limited for bringing a new action, the plaintiff or, if he dies and the cause of action in his favor survives, his heirs or representatives may commence a new action upon the cause of action within one year after the dismissal or reversal on appeal. All defenses available against the action, if brought within the time limited, are available against the action when brought under this provision."

3. AS 09.10.070 provides:

   "*Actions to be brought in two years.* No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years."

The two appeals have been consolidated, as a reversal in either case will moot the other.

Shiffman and Hart on appeal argue that in dismissing their first suit the superior court inappropriately relied on Rule 41(e), which provides:

"*Dismissal for Want of Prosecution.* Actions which have been pending in a court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The court shall review all pending cases at least semiannually, and in all cases in which no proceedings have been taken for more than one year, the court shall either (1) hold a call of the calendar or (2) send notice to the parties to show cause in writing why a dismissal of the action should not be ordered. If good cause to the contrary is not shown at a call of the calendar or within 33 days of the mailing of a notice to show cause in writing, the action shall be dismissed. The court may also dismiss such cases for want of prosecution at any time on motion of any party upon notice to other parties."

Shiffman and Hart seize upon the term "proceedings" as that term is used in Rule 41(e), and raise the questions of whether a plaintiff's substitution of counsel and whether a defendant's answer falls within its meaning.

Past cases indicate several purposes to be served by Rule 41(e). First, it encourages plaintiffs to keep their cases moving at a reasonable speed. *First National Bank of Fairbanks v. Taylor,* 488 P.2d 1026, 1032 (Alaska 1971). Under Rule 41(e), the plaintiff bears the burden to diligently pursue the enforcement of his cause of action. Second, Rule 41(e) serves to protect a defendant from undue delays which might subject him to harassment or force settlement of an otherwise nonmeritorious lawsuit. *Zeller v. Poor,* 577 P.2d 695, 697 (Alaska 1978). Finally, Rule 41(e) serves to provide the trial court with a device to clear its calendar of cases that have stood void of any proceeding for more than one year. *First National Bank of Fairbanks v. Taylor,* 488 P.2d 1026 at 1032.

■ These past decisions remind us that the evil to be avoided is the stagnant case cluttering a court's calendar or threatening harassment of the party-defendant. A case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. Such steps, acts or measures constitute the "affirmative action" referred to in *First National Bank* as necessary to terminate a period of lapse. *First National Bank of Fairbanks v. Taylor, id.* at 1031–32.[4] The court should also take into consideration any unique features of the litigation under review and any special circumstances of the parties which may help to explain the lack of proceedings. *See Brown v. State,* 526 P.2d 1365 (Alaska 1974).

■ Keeping the purposes of Rule 41(e) in mind, as well as the evil to be avoided, a "proceeding" as the term is used in the rule is a step, act or measure of record, by the plaintiff, which reflects the serious determination of the plaintiff to bring the suit to a resolution; or a step, act or measure of record, by either party, which reflects that the suit is not stagnant.

■ Shiffman and Hart argue that the filing of the answer by the defendant Sunrise Electric is a proceeding under Rule 41(e). We agree. An answer obviously is an act on the record and just as obviously indicates that the suit does not stand stagnant.

---

**4.** In *Atlas Enterprises v. Consolidated Construction Company,* 572 P.2d 68, 71 (Alaska 1977), we found that "[a]ny affirmative action *by the plaintiff* starts the one year period running again." (Emphasis added). This finding is not inconsistent with today's finding that affirmative action taken by either party terminates the period of lapse. It matters not which party affirmatively acts, particularly when at various stages of the proceedings the plaintiff must wait until the defendant acts. It is the absence of forward progress in the litigation that is sought to be prevented.

"K", Inc. contends that even if the filing of the answer is a proceeding, the net effect is that their motion was simply filed five days prematurely. In that period of five days no further proceedings were taken. Therefore, according to "K", Inc. there was a total period of time greater than one year in which no proceedings occurred.[5] The cases, however, expressly provide that the one year period must "continue to and include the time when the motion is filed." *Atlas Enterprises v. Consolidated Construction Company,* 572 P.2d 68, 71 (Alaska 1977). Accordingly, the motion to dismiss did not invoke the application of Rule 41(e).

Additionally, the superior court could not have dismissed the case *sua sponte* under Rule 41(e) on August 11, 1980. Intervening in that time period was a Notice of Taking of Deposition by Shiffman and Hart on July 3, 1980. Even the appellees concede that this was an affirmative action on the part of the plaintiffs sufficient to terminate the period of lapse. Therefore, at the time the superior court dismissed the action, further proceedings had been taken. "Where . . . the lapse has already occurred and further proceedings have been taken, it is neither necessary or justifiable to allow dismissal. . . ." *First National Bank of Fairbanks v. Taylor,* 488 P.2d at 1032.

In conclusion, we hold that Civil Rule 41(e) did not apply to the facts of this case and the superior court lacked discretion to dismiss the case under that Rule.

No. 5615 REVERSED and REMANDED.

No. 6312 DISMISSED.

---

5. Appellees argue vehemently that their filing of the motion to dismiss did not terminate the period of lapse. This rebuttal seriously misconstrues Shiffman and Hart's argument, which does not contend that this action on the part of the appellee terminated the period of inaction.