**Debra L. JOHNSON, Appellant,**

v.

**George E. SIEGFRIED, M.D., Appellee.**

**No. S–4721.**

Supreme Court of Alaska.

Oct. 2, 1992.

Rehearing Denied Oct. 29, 1992.

Ralph D. Pittle, Medical Legal Consultants of Washington, Seattle, Wash., and Brett von Gemmingen, Anchorage, for appellant.

Matthew K. Peterson, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 1989, Debra Lee Johnson filed a complaint pro se against George Siegfried, M.D., alleging medical malpractice occurring in the performance of liposuction on May 12, 1987. Service of process was not made on Siegfried at that time.

On May 30, 1990, a Notice and Order of Dismissal was issued pursuant to Alaska Rule of Civil Procedure 41(e).[1] The notice directed Johnson to "show cause in writing within 30 days why this case should not be dismissed" for lack of prosecution. Johnson responded by letter on June 28, 1990 explaining that she was suffering from depression and had moved to Seattle to pursue a college degree. She also noted that she had been recovering from mycoplasmic pneumonia and laryngitis for six months. She requested additional time to obtain counsel and pursue her claim.

---

1. Civil Rule 41(e) provides in part:
 Actions which have been pending in a court for more than one year without any proceedings having been taken may be dismissed as a matter of course, for want of prosecution, by the court on its own motion or on motion of a party to the action.

On July 3, 1990, Judge Brian Shortell signed an order granting Johnson 180 days "to take action to prepare her case for trial." The order further provided that the court would review the case in 180 days and dismiss it pursuant to Civil Rule 41(e) "if no proceedings have been taken during that time."

Johnson obtained counsel in Seattle who agreed to investigate her case and determine whether to represent her. Between August and November Johnson's counsel sent three letters to Siegfried requesting Johnson's medical records. The records were not sent to counsel until the end of December. Johnson's Seattle counsel, and Anchorage counsel retained by him, also prepared a summons, an amended complaint and an application for an appearance by an out of state counsel to be filed forthwith if they determined that Johnson's claim had merit. The documents were filed on December 28, prior to receipt of the medical records on December 31. A summons was issued by the clerk of court on January 2, 1991, delivered to a process server on January 3, and served on Siegfried along with the complaint on January 10.

Siegfried answered and filed a motion to dismiss based on Johnson's failure to prosecute. Judge Peter A. Michalski granted the motion, dismissing the case with prejudice. Johnson appeals. We reverse.

## II. DISCUSSION

### A. Standard of Review

■ The determination of whether Johnson's claim was properly dismissed involves interpretation of an order of the trial court. This determination is a question of law to which this court will apply its independent judgment. *See Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 & n. 2 (Alaska 1991) (noting that interpretation of Civil Rule 41(e) is a question of law, but that the question of whether good cause excused the delay was reviewed under the abuse of discretion standard). This court has applied its independent judgment before when interpreting the term "proceedings" in Civil Rule 41(e). *See, e.g., Power Con-*

*structors, Inc. v. Acres American*, 811 P.2d 1052, 1054 (Alaska 1991); *Shiffman v. "K", Inc.*, 657 P.2d 401, 403–04 (Alaska 1983) (noting that inquiry was not whether trial court had abused its discretion but whether it "lacked discretion to dismiss the case under that Rule"); *Zeller v. Poor*, 577 P.2d 695, 697 (Alaska 1978). *See also First Nat'l Bank of Fairbanks v. Taylor*, 488 P.2d 1026, 1031–32 (Alaska 1971) (interpreting "pending in court for more than one year" by applying independent judgment).

■ To the extent that this court examines the merits of the court's dismissal pursuant to the order of Judge Shortell, the examination will be under an abuse of discretion standard. This court will not overturn such an order unless it finds that the trial court abused its discretion. *See Power Constructors*, 811 P.2d at 1054 (reviewing a Rule 41(e) dismissal).

### B. Propriety of Dismissal of Johnson's Action

■ Judge Shortell's order granted Johnson a grace period to "prepare her case for trial." That was the Civil Rule 41(e) adjudication. Judge Shortell thus asserted control over the litigation and a subsequent dismissal for failure to prosecute could be made only if the requirements of that order were not met. Siegfried does not contest the validity of that order. Although the order provided potentially for a dismissal pursuant to Civil Rule 41(e), we look only to the requirements of Judge Shortell's order and not to the arguably different requirements of Rule 41(e) in determining whether Judge Michalski's dismissal was proper.

■ We believe that Johnson's actions during the 180 day period sufficiently complied with Judge Shortell's order. Johnson's initial delay was excused by Judge Shortell. Her use of the full 180 day period was authorized. The order was granted so that Johnson would have more time to "prepare her case for trial." Steps taken on and off the record were preparatory for

trial.[2]

Johnson pursued her claim in one manner or another for most of the 180 day period. She engaged both Washington and local counsel and requested her medical records from Siegfried. Pleadings were prepared in anticipation of a favorable review of the medical records. There was significant activity on the record after the complaint was filed and served on Siegfried *before* the motion to dismiss was filed.

The order conditioned dismissal on a lack of "proceedings." Although, as noted above, we are not analyzing the Rule 41(e) requirements, our previous interpretations of the similar language of that rule are helpful. We do not believe that the "proceedings" required by this order were intended to be any more demanding than "proceedings" required by Rule 41(e).[3]

This court has defined "proceeding" as a "step, act or measure of record, by either party, which reflects that the suit is not stagnant." *Shiffman*, 657 P.2d at 403. A suit is considered stagnant "when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action." *Id.*

 In this case Johnson's actions on the record during the 180 day period included the filing of the amended complaint and the Application of Non–Resident Attorney for Permission to Appear and Participate in the Superior Court for the State of Alaska, Third Judicial District, both filed on December 28, 1990. The summons was filed on December 28 and issued on January 2.[4]

We conclude that Johnson's actions were sufficient to demonstrate that the case was not stagnant. The amended complaint and the request for appearance both demonstrate that Johnson had a serious determination to pursue her cause of action. These "proceedings" are comparable to those which we have held "terminate the period of lapse" in a Rule 41(e) dismissal.

**2.** Siegfried contends that off the record activity is irrelevant. However, the requirement that activity be on the record is only present in the inquiry into what constitutes "proceedings." *See Shiffman v. "K", Inc.*, 657 P.2d 401, 403 (Alaska 1983). Generally the court, in determining whether to dismiss a suit, should look to any features and circumstances of the litigation including the off the record efforts of the plaintiff. *Brown v. State*, 526 P.2d 1365, 1368 (Alaska 1974). Siegfried's reliance on *Power Constructors, Inc. v. Acres American*, 811 P.2d 1052 (Alaska 1991) is thus misplaced. In *Power Constructors* we rejected the suggestion that a pretrial memorandum filed *after* the notice of dismissal was a "proceeding." *Id.* at 1054. We also found that the plaintiff's delay was not excused. *Id.* Neither of these holdings is relevant in the present case.

**3.** Siegfried contends the extension order anticipates a greater degree of activity than does Civil Rule 41(e). He contends that the language of the order allowing Johnson an extension to "prepare her case for trial" contemplated that a valid complaint would be filed and served upon him before the expiration of the extension period. However, the cases cited by Siegfried do not support the proposition that "prepare her case for trial" creates a more demanding burden. In fact, none of those cases use the relevant language. *See Zeller*, 577 P.2d at 695–98; *Atlas Enter. v. Consolidated Construction Co.*, 572 P.2d 68 (Alaska 1977); *First Nat'l Bank of Fairbanks v. Taylor*, 488 P.2d 1026 (Alaska 1971); *Silverton v. Marler*, 389 P.2d 3 (Alaska 1964).

**4.** The parties dispute the date on which the 180 day period expired. The order was filed on July 3, 1990, and mailed to the parties on July 5, 1990. Johnson contends that the extension period should run from July 5, pursuant to Alaska Rule of Civil Procedure 58.1(c)(2). The 180th day from July 5, 1990 is January 1, 1991. July 5 is not counted according to Civil Rule 6(a). Since January 1 is a legal holiday, the period extends to January 2, 1991 pursuant to Civil Rule 6(a). Siegfried contends that the period ended on December 31, 1991. Apparently he calculates 180 days from July 3. The 180th day would be December 30, 1990 which was a Sunday. Therefore, pursuant to Civil Rule 6(a), the period would run to December 31, 1990. We assume that his use of December 31, 1991 was a mistake.

Civil Rule 58.1(c)(2) applies to the *date of notice* of written orders. The date of notice is the date on which the time to file a notice of appeal or request for review or reconsideration begins running. Civil Rule 58.1(b). Written orders are considered effective on the date they are *entered*, that is, the date on which the order is signed. Civil Rule 58.1(a), (a)(2). This case does not involve the filing of a notice of appeal or request for review or reconsideration. The extension period thus began to run on July 3, the day the order was entered. The 180 day period ended on December 31, 1990.

*Shiffman*, 657 P.2d at 403 (filing of defendant's answer); *Zeller*, 577 P.2d at 697 (letter requesting a trial date). *Cf. Cleary Diving Serv. v. Thomas, Head & Greisen*, 688 P.2d 940, 943 (Alaska 1984) (holding that a note asking the court not to dismiss the action was not a sufficient "proceeding").

Siegfried argues that there was no "effective action" during the 180 day period. He notes that the summons was not issued until January 2 and was not served until January 10. He notes further that the amended complaint served on January 10 was defective.[5]

■■ However, we do not believe that the "proceedings" requirement, or any other language in the July 3 order, requires specifically that a sufficient complaint be filed or served, but only that measures be taken which are "reasonably expected in the pursuit of the cause of action."[6] *See Shiffman*, 657 P.2d at 403. Johnson's actions were sufficient to show that she was moving the case forward and preparing for trial. That is all Judge Shortell's order required.

Siegfried argues that the policy underlying the statute of limitations would be contravened by allowing Johnson to proceed. He notes that she did not file her original complaint until two days before the expiration of the limitations period and that she did not serve him with the complaint until 20 months later. He argues that since the object of the statute of limitations is to protect against "the difficulties caused by lost evidence, faded memories and disappearing witnesses," *Byrne v. Ogle*, 488 P.2d 716, 718 (Alaska 1971), Johnson's delay of over three and one-half years from the surgery until service of the complaint should not be condoned. *See Anderson v.*

*Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) (holding that permitting a delay in service of process when the plaintiff filed immediately prior to the running of the limitations period "undercuts the purposes served by the statute").

However, these concerns are not determinative in this case. Resolution of this case will depend largely on a review of medical records and expert testimony. There is not a significant threat of lost evidence or disappearing witnesses. *See Lee Houston & Assoc. v. Racine*, 806 P.2d 848, 855 (Alaska 1991) (reasoning that a longer limitations period was appropriate for cases based largely on available documentary evidence). There is no evidence that Siegfried was prejudiced by the delay.

We conclude that the trial court abused its discretion in dismissing Johnson's case. She pursued her case continuously, although perhaps not urgently, throughout the 180 day period. The case was obviously moving toward resolution. The dismissal served no purpose, once the case was progressing, except to sanction Johnson for the slow pace at which she initiated the action. *See First Nat'l Bank of Fairbanks v. Taylor*, 488 P.2d 1026, 1032 (Alaska 1971) (holding that it was "neither necessary or (sic) justifiable to allow dismissal" where the case had seen progress despite an earlier lapse in excess of a year).

### III. CONCLUSION

The trial court's dismissal of Johnson's claim pursuant to Civil Rule 41(e) is REVERSED.

BURKE, Justice, dissenting.

I dissent. On the record that is before us, I fail to see how it can be said that the superior court abused its discretion.

---

5. The amended complaint was not in compliance with Civil Rule 15(e), which requires that an amended complaint be "complete in itself" and restate every pleading incorporated from the original complaint. The amended complaint filed on December 28 incorporated many of the allegations of the original complaint by reference only. Siegfried claims that this defect is especially prejudicial here where he was never served with the original complaint.

6. This case is distinguishable from *Silverton v. Marler*, 389 P.2d 3 (Alaska 1964). In *Silverton*, the case was dismissed for failure to prosecute based on an unexcused two year and eight month delay between filing of the complaint and service of process. *Id.* at 6. Johnson's initial delay was excused by the trial court. Service of process was ultimately accomplished soon after the amended complaint was filed.

Some consideration should be given to the defendant's plight. By the time the superior court ordered the case dismissed, Siegfried had been under the cloud of the complaint for more than two years. The plaintiff's case, however, remained in its infancy: despite the additional time given to her, "to prepare her case for trial," Johnson managed to do little more than amend her complaint and have the amended complaint and summons served upon the defendant. The notion that Johnson pursued her claim with reasonable diligence, during this or any other period to date, is nonsense.

The same cloud has now remained over the defendant's head *for more than three years*, and there is still no indication that the plaintiff's case is any more ready for trial today than on the day it was filed. The superior court's dismissal order should, therefore, be affirmed.