**Scott NOVAK, individually and d/b/a Novak's Fuel Distributors, Appellant and Cross–Appellee,**

v.

**ORCA OIL CO., INC., Appellee and Cross–Appellant.**

Nos. S–5637, S–5638.

Supreme Court of Alaska.

June 10, 1994.

David H. Shoup, Condon, Partnow & Sharrock, Anchorage, for appellant and cross-appellee.

Kenneth L. Wallack, Law Offices of Kenneth L. Wallack, Anchorage, for appellee and cross-appellant.

Before: MOORE, C.J., RABINOWITZ, MATTHEWS, COMPTON, JJ., and BRYNER, J., pro tem.*

*OPINION*

BRYNER, Justice, pro tem.

Scott Novak appeals a superior court order dismissing for want of prosecution his counterclaim against Orca Oil, Inc., and awarding Orca attorney's fees. Orca cross-appeals, contending that the court should have dismissed the counterclaim with, rather than without, prejudice and that the court erred in allowing Novak access to certain state investigative files.

## I. FACTS

Novak became a retail fuel distributor in Cordova in 1987; he bought fuel from Orca, a fuel wholesaler. In March of 1988, Novak filed a complaint with the attorney general's office, alleging price-fixing by Orca. The attorney general's office opened an investigation and obtained pertinent records from Orca pursuant to an initial request letter and a civil investigative demand (CID).

Orca subsequently billed Novak for fuel he had purchased. On September 15, 1988, Novak informed Orca that, because of damages he had suffered as a result of Orca's unfair pricing policies, he did not intend to pay. In response, Orca sued Novak for $19,526.50 it claimed owing on Novak's account. Novak counterclaimed for damages, alleging breach by Orca of the Alaska Monopolies and Restraint of Trade Act, AS 45.50.562–.596, and the Unfair Trade Practices and Consumer Protection Act, AS 45.50.471–.561. Novak contended that he was entitled to an offset on Orca's claim for his damages.

On October 31, 1988, Novak requested that the attorney general's office disclose information it had received in its investigation of Orca. The next day, Novak filed a motion in his pending civil action for access to the state's investigative records pursuant to AS 45.50.592(e). The attorney general's office joined in the motion, while Orca opposed it. Superior Court Judge John Bosshard granted the motion, finding good cause for release of the state's investigative records, because Novak's counterclaim raised issues identical to the issues the state was investigating.[1]

Little else happened in the case until July 1991,[2] when attorney William Ingaldson entered an appearance as co-counsel for Novak. Orca responded in August 1991 by moving to disqualify Ingaldson from representing Novak, alleging that, while working as an assistant attorney general, Ingaldson had participated in the state's investigation of Orca's alleged antitrust violations. At the same time, Orca moved for partial summary judgment on its claim that Novak owed it $19,525.50. Novak filed oppositions to Orca's motions in August and September 1991. On November 19, 1991, the trial court granted the motions, ordering summary judgment on Orca's action for debt and disqualifying Ingaldson from further participation in the case.[3]

Another lull ensued. Then, on June 5, 1992, Novak sent a pretrial memorandum to the court by mail, with a copy to Orca (also by mail), requesting that his counterclaim be set for trial. Novak's memorandum spent six days in the mail, reaching the court on June 11, when it was filed. During the interim, on June 9, 1992, Orca filed directly with

* Sitting by assignment made under article IV, section 16 of the Alaska Constitution.

1. Subsequently, the attorney general's office terminated its investigation of Orca on the ground that "Novak had retained counsel and was able and willing to pursue this matter privately."

2. In February 1991, due to the inactivity, the court sent Novak and Orca notice that the case would be dismissed for want of prosecution pursuant to Alaska Civil Rule 41(e) unless they showed good cause within thirty days why it

should not be dismissed. On March 21, 1991, Novak filed a statement indicating that he had recently substituted counsel and was prepared to move the case forward. In response, the trial court decided not to dismiss the case. Neither party contends that the 1991 Rule 41(e) notice has any direct bearing on the issues presented in this appeal.

3. Novak did not appeal the order granting summary judgment on Orca's action for debt.

the court a motion to dismiss Novak's counterclaim pursuant to Alaska Civil Rule 41(e) for want of prosecution. Orca alleged that the last proceeding advancing Novak's counterclaim had occurred more than three years previously, on March 13, 1989, when the court ordered the release of the state's investigative files.

Superior Court Judge Glen C. Anderson granted the motion to dismiss, agreeing that Novak had failed to take any steps to prosecute his counterclaim within the preceding year. The court dismissed the counterclaim without prejudice, awarded costs and attorney's fees to Orca, and entered judgment in favor of Orca on both the claim and counterclaim in the total amount of $54,851.71.

Novak appeals, claiming that the superior court erred in dismissing his counterclaim for want of prosecution and in awarding Orca attorney's fees based on the erroneous dismissal. Orca cross-appeals, asserting that the court erred in refusing to dismiss with prejudice and in granting Novak's motion for access to state records.

## II. DISCUSSION

### A. *Dismissal for Failure to Prosecute*

▆▆▆ Alaska Civil Rule 41(e) authorizes the court to dismiss a case either on its own motion or on the motion of a party if no proceeding has been taken in the case for more than one year.[4] Before ordering dismissal pursuant to Rule 41(e), the trial court must undertake a two-step inquiry: it must initially inquire whether the party facing dis-

missal has engaged in any proceedings within the previous one-year period; if not, then it must next inquire whether good cause exists for the delay. *Willis v. Wetco, Inc.*, 853 P.2d 533, 536 (Alaska 1993).

This court has defined a "proceeding" as "a step, act or measure of record, by the plaintiff, which reflects the serious determination ... to bring the suit to a resolution; or a step, act or measure of record, by either party, which reflects that the suit is not stagnant." *Power Constructors, Inc. v. Acres Am.*, 811 P.2d 1052, 1053–54 (Alaska 1991) (quoting *Shiffman v. K, Inc.*, 657 P.2d 401, 403 (Alaska 1983)). The occurrence of a "proceeding" "will terminate a period of lapse and preclude the trial court from dismissing the action." *Power Constructors*, 811 P.2d at 1054.

In the present case, within the year preceding Orca's motion to dismiss Novak's counterclaim, attorney Ingaldson had filed a notice of appearance as co-counsel on behalf of Novak, Orca had moved to disqualify him on the ground of conflict, and, following opposition by Novak, the trial court had granted Orca's motion, precluding Ingaldson's further participation in the case. In granting Orca's motion to dismiss for want of prosecution, however, the trial court ruled that these proceedings were not in furtherance of the counterclaim because, in the judge's view, they related exclusively to Orca's claim for debt against Novak, not to Novak's counterclaim against Orca.[5]

The trial court's ruling assumes that only proceedings specifically related to Novak's

---

**4.** Civil Rule 41(e) provides:

(e) Dismissal for Want of Prosecution. Actions which have been pending in a court for more than one year without any proceedings having been taken may be dismissed as a matter of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The clerk shall review all pending cases semi-annually and in all cases in which no proceedings have been taken for more than one year, the court shall hold a call of the calendar or the clerk shall send notice to the parties to show cause in writing why the action should not be dismissed. If good cause to the contrary is not shown at a call of the calendar or within 30 days of distribution of the notice, the court shall dismiss the action. The clerk may dismiss actions under this paragraph if a party has not opposed dismissal. A

dismissal for want of prosecution is without prejudice unless the court states in the order that the case is dismissed with prejudice.

A lower court's dismissal of an action pursuant to Civil Rule 41(e) is ordinarily subject to reversal for abuse of discretion. *Willis v. Wetco, Inc.*, 853 P.2d 533, 534 n. 1 (Alaska 1993). To the extent that the lower court's dismissal hinges on an interpretation of Civil Rule 41(e), however, its ruling presents a question of law as to which we apply our independent judgment. *Johnson v. Siegfried*, 838 P.2d 1252, 1254 (Alaska 1992).

**5.** In this regard, the judge stated: "It is illogical to construe Civil Rule 41(e) to reward a dilatory party for his opponent's diligence in pursuing a separate cause of action."

counterclaim would suffice to prevent dismissal of the counterclaim under Rule 41(e). We have never had occasion to address this issue. A literal reading of Rule 41(e), however, provides little support for the trial court's assumption: the rule speaks broadly of dismissing "actions" and "cases in which no proceedings have been taken for more than one year;" it does not mention dismissing "claims" or "counterclaims."

■ In any event, we need not resolve the issue here, since the trial court was clearly erroneous in finding that Orca's motion to disqualify Ingaldson related exclusively to its claim of debt and not to Novak's counterclaim. Orca's motion expressed no such limitation. To the contrary, the motion was primarily based on Ingaldson's role in the attorney general's antitrust investigation of Orca—the subject-matter of Novak's counterclaim—and made no mention of Orca's claim for Novak's unpaid account.

■ Nor is it significant that the issue of Ingaldson's representation was raised by Orca rather than Novak, since a "proceeding" occurs for purposes of Rule 41(e) when a step is taken by "either party, which reflects that the suit is not stagnant." *Power Constructors*, 811 P.2d at 1053–54 (quoting *Shiffman*, 657 P.2d at 403). As we stated in *Shiffman*, "affirmative action taken by either party terminates the period of lapse." 657 P.2d at 403 n. 4. Here, because the proceedings concerning Ingaldson's disqualification related to Novak's counterclaim and reflected that the counterclaim was not stagnant, they were "proceedings" within the contemplation of Rule 41(e) and thus terminated the period of lapse.[6]

■ Novak's June 5, 1992 trial-setting memorandum also amounted to a proceeding terminating the Rule 41(e) lapse. The trial court ruled that the pretrial memorandum

could not be considered for purposes of determining the period of inactivity on Novak's counterclaim, because the memorandum did not actually reach the court and was not filed until June 11, two days after Orca filed its Rule 41(e) motion to dismiss. Yet Novak had mailed the memorandum to the court, with a copy to Orca, on June 5, four days before Orca moved to dismiss the counterclaim. Service of the memorandum was complete upon its mailing. *See* Alaska R.Civ.P. 5(b). These circumstances render Novak's case virtually indistinguishable from *Zeller v. Poor*, 577 P.2d 695 (Alaska 1978).

In *Zeller*, plaintiff's counsel mailed a request for a trial date to the court; the request was filed upon its arrival three days later. *Id.* at 697. After the request was mailed, but before it was filed, defendants filed a motion to dismiss pursuant to Civil Rule 41(e). *Id.* at 696. This court concluded: "Under the provisions of Civil Rule 5(b) service was completed upon mailing, two days before the [defendants] filed their motion to dismiss. Since service of the trial-setting request was completed prior to the filing of the motion to dismiss, dismissal under Civil Rule 41(e) was improper." *Id.* at 697 (footnotes omitted).

Orca nevertheless asserts that our more recent decision in *Power Constructors* has superseded *Zeller*. In *Power Constructors*, 811 P.2d at 1054, we held that "[a] pretrial memorandum filed after the court issues its notice of dismissal does not constitute a 'proceeding' under Civil Rule 41(e)." In doing so, we cited *Radinsky v. Karras*, 511 P.2d 953 (Colo.App.1973), for the proposition that the "filing of the notice to set trial after the court issued notice to show cause why [the] action should not be dismissed did not prevent dismissal for failure to prosecute." *Id.* at 1054 n. 3. Thus, Orca argues that accord-

6. We need not decide whether Ingaldson's July 11, 1991 notice of appearance, standing alone, would have amounted to a "proceeding" under Rule 41(e). We note, however, that Orca is mistaken in citing *Power Constructors* as having decided that substitution of counsel can never constitute a proceeding under Rule 41(e). In *Power Constructors*, this court stated that "[s]tanding alone, substitution of counsel and the consequent need for more time to review the case does not

constitute *good cause* for a ... delay in prosecution." 811 P.2d at 1054 (emphasis added). The substitution of counsel in that case had preceded the one-year period of inactivity, and we addressed substitution only in the context of determining whether the trial court had abused its discretion in declining to find "good cause" to deny dismissal—the second prong of the Rule 41(e) analysis. *Id.*

ing to *Power Constructors,* Novak's memorandum to set the counterclaim for trial, which was mailed before but filed after Orca's motion to dismiss pursuant to Rule 41(e), did not prevent dismissal for failure to prosecute. *Id.* at 1054 n. 3.

In context, however, *Power Constructors* is inapposite. Our holding in that case recognized that the purposes of Rule 41(e) "would be considerably compromised if plaintiffs knew that, no matter how long they delayed, they could avoid dismissal by filing a pleading of record as soon as the court issued its notice of dismissal or a party filed a motion to dismiss." *Power Constructors,* 811 P.2d at 1054. As should be apparent from this passage, our concern in *Power Constructors* was with pretrial memoranda filed in response to a Rule 41(e) notice of dismissal or motion to dismiss. We did not purport to deal with the situation addressed in *Zeller,* where the motion to dismiss was filed in the interim between service and filing of the pretrial memorandum. Under the circumstances in *Zeller,* and, likewise, under the circumstances here, the risk of abuse that engendered our concern in *Power Constructors* is virtually nonexistent. *Zeller* deals directly with this situation, and its holding is controlling in this case.

We conclude that the trial court erred in finding that no proceedings relating to Novak's counterclaim had occurred during the year immediately preceding Orca's motion to dismiss. For this reason, the order dismissing the counterclaim pursuant to Civil Rule 41(e) was improper and must be vacated.

## B. *Disclosure of Investigative Records*

We next address Orca's claim on cross-appeal that the trial court erred in allowing Novak to have access to documents obtained by the state through the attorney general's antitrust investigation of Orca.[7]

Shortly after beginning its investigation of Orca for antitrust and monopolization violations, the attorney general's office requested and obtained certain documents from Orca pursuant to a civil investigative demand (CID).[8] In November 1988, Novak moved for disclosure of the state's investigative records, claiming that the violations targeted in the attorney general's investigation were identical to those involved in his counterclaim against ORCA and that, therefore, "[t]he information sought to be discovered [was] relevant, or [would] likely lead to relevant evidence, for use in [Novak's] prosecution of his claims against [Orca]."

After a hearing on the motion, the superior court found good cause for disclosure, because "the factual and legal issues in [the] civil case [were] the same as the CID investigation" and such "shortened discovery" was in the "public interest." The court granted Novak's motion but expressly provided that Orca could move for a protective order as to any documents in the state's files that might be subject to a claim of privilege. At no point thereafter did Orca seek a protective order.

On cross-appeal, Orca claims that the trial court erred in ordering disclosure. The State's disclosure of civil investigative records is addressed in AS 45.50.592(e):

> Documentary material produced pursuant to a [CID], or copies of it, unless otherwise ordered by a superior court for good cause shown, may not be produced for inspection or copying by, nor may its contents be disclosed to, anyone other than an authorized employee of the state without the consent of the person who produced the material.

Here, Orca contends that the trial court mistakenly equated the statutory requirement of good cause for disclosure with mere

---

**7.** Our decision that the superior court erred in dismissing Novak's counterclaim makes it unnecessary to consider Orca's separate argument on cross-appeal that the court erred in failing to dismiss the counterclaim with prejudice.

**8.** AS 45.50.592(a) provides:
If the attorney general determines that a person is in possession, custody, or control of a

documentary evidence, wherever situated, that the attorney general believes to be relevant to an investigation authorized in AS 45.50.590, the attorney general may execute in writing and cause to be served upon that person an investigative demand requiring the person to produce the documentary material and permit inspection and copying.

relevance. Orca argues that good cause should require a showing of substantial need and undue hardship. We have not previously considered the meaning of the good cause requirement in AS 45.50.592(e), and the legislative history is devoid of any definition of good cause.

In arguing for a rigorous definition equating good cause to substantial need and undue hardship, Orca relies on *State v. Lowry*, 802 S.W.2d 669 (Tex.1991), where, according to Orca, this standard was adopted under analogous circumstances. Orca correctly observes that *Lowry* involved documents obtained pursuant to a CID and that disclosure of those documents was subject to a statutory good cause requirement. *Id.* at 671–72. However, the *Lowry* documents were also the subject of a statutory witness statement privilege, which specified substantial need and undue hardship as the applicable standard for disclosure of privileged statements. Noting that a showing of substantial need and undue hardship would ordinarily suffice to establish good cause, the *Lowry* court went on to use this standard, which it evidently deemed more rigorous, as a point of reference for analyzing compliance with both the "good cause" requirement of the CID statute and the "substantial need and undue hardship" test of the witness statements privilege statute. *Id.* at 673. *Lowry* nonetheless recognized the two standards as distinct,[9] and nowhere did it hold that a showing of substantial need and undue hardship was a necessary prerequisite to establish good cause. Accordingly, in our view, *Lowry* sheds little light on the good cause issue presented here.

Orca further maintains that the definition of good cause it proposes can be gleaned from Alaska Civil Rule 26(b)(3), which permits discovery of certain documents "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.* However, this portion of Rule 26(b) governs disclosure of attorney work product, which falls within a privilege that has traditionally barred discovery absent extraordinary circumstances. *See generally* 4 James Moore, *Moore's Federal Practice* ¶ 26.64 at 26–352 to 26–389 (2d ed. 1992).

■ Orca has advanced no cogent reason why good cause for disclosure, as specified in AS 45.50.592(e), should be equated with the rigorous standard governing discovery of privileged information. Nor do we perceive any such reason. The state's use of CIDs is expressly limited to unprivileged documents: AS 45.50.592(c)(1) provides that a CID may not "require the production of documentary material which would be privileged from disclosure if demanded by a subpoena duces tecum." Moreover, in the present case, the trial court expressly ruled that Orca could assert any applicable privilege before the state disclosed its investigative files to Novak. Despite this ruling, Orca raised no claim of privilege.

■ Where, as here, a private party seeks information under AS 45.50.592(e) in aid of civil litigation against the party from whom the information was obtained, we think an appropriate starting point for determining good cause is the general discovery standard set forth in Alaska Civil Rule 26(b)(1), which states that "[p]arties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action."

■ Good cause for disclosure certainly need not be found in all cases where mere relevance is shown. The issue of good cause must ultimately be determined by an exercise of the trial court's sound discretion, based on the court's consideration of the totality of the circumstances in each case. For this reason, beyond establishing relevance, as defined in Rule 26(b)(1), as the starting point for determining good cause under AS 45.50.592(a), we decline to define good cause with greater specificity. In particular, we think no purpose would be served in defining good cause so narrowly as to

---

**9.** Specifically, the Texas Supreme Court found that the defendants had satisfied "the substantial need and undue hardship requirements of [the Texas witness statement privilege rule] *as well as* the burden of establishing good cause under [the CID statute]." *Id.* (emphasis added).

preclude disclosure under AS 45.50.592(a) when a requesting party shows that the information to be disclosed would likely be fair game for discovery in pending civil litigation and is sought for purposes compatible with the underlying purposes of the state's investigation. These are essentially the grounds upon which the trial court ordered disclosure in the present case.

 Here, the court expressly found good cause based on the close similarity between the attorney general's investigation and Novak's counterclaim. The state joined in Novak's request for disclosure, and the court's order was expressly tailored to allow Orca to claim privilege as to any of the documents it had provided to the state in response to the CID. The trial court did not abuse its discretion in finding good cause under these circumstances.[10]

## III. CONCLUSION

The superior court's order dismissing Novak's counterclaim pursuant to Civil Rule 41(e) for want of prosecution is VACATED.[11] The order allowing disclosure pursuant to AS 45.50.592(e) is AFFIRMED. This case is REMANDED for further proceedings in connection with the counterclaim.

10. We reject Orca's related contention that disclosure was barred by AS 45.50.521(b), which specifies that investigative records obtained by the attorney general's office by a CID are not "public records available for inspection by the general public." Disclosing documents pursuant to a court order based on a showing of good cause in conformity with AS 45.50.592(e) is not tantamount to treating the documents as public records.

11. Because we vacate the dismissal of the counterclaim, we must also vacate the court's award

of attorney's fees to Orca, since the award was calculated on the basis that Orca had prevailed both on its claim and on Novak's counterclaim. Given the close relationship between the claim and counterclaim in this case, and because of Novak's assertion of a right to offset damages alleged in his counterclaim, we conclude that enforcement of the summary judgment entered for Orca should be stayed pursuant to Civil Rule 62(g) pending resolution of the counterclaim. Attorneys fees can then be redetermined upon conclusion of the case, based on the ultimate resolution of all claims.