*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| HIGHLIGHT CANYON, LLC, | ) | |
| | ) | Supreme Court No. S-18243 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-17-01911 CI |
| v. | ) | |
| | ) | O P I N I O N |
| JOHN CIOFFOLETTI; VALDEZ | ) | |
| CREEK MINING LLC; ROBERT A. | ) | No. 7667 – August 11, 2023 |
| COINER; DORIS A. COINER; | ) | |
| SHERRI COINER GERHARZ, | ) | |
| CLAUDE H. MORRIS, JR.; | ) | |
| CLEARWATER MOUNTAIN | ) | |
| MINING; and LUCKY MINE GROUP, | ) | |
| LLP, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kristen C. Stohler, Judge.

Appearances: Curtis Martin, Curtis W. Martin Law Office, Palmer, for Appellant. Jennifer M. Coughlin, Landye Bennett Blumstein, LLP, Anchorage, for Appellees.

Before: Winfree, Chief Justice, Carney, Borghesan, and Henderson, Justices. [Maassen, Justice, not participating.]

BORGHESAN, Justice.

# I. INTRODUCTION

The superior court may dismiss a case for want of prosecution if "the case has been pending for more than one year without any proceedings having been taken" unless the plaintiff shows good cause for the delay.[1] In this case the court dismissed a mining company's claims when its sole filing in the prior year was a substitution of counsel. We hold that the substitution of counsel was not a "proceeding" that terminated the period of delay. We also conclude that actions taken by the company after the defendant moved to dismiss for lack of prosecution do not preclude dismissal. And because the company failed to clearly explain its dilatory conduct, the superior court did not abuse its discretion by finding no good cause for the failure to prosecute. We therefore affirm dismissal.

# II. FACTS AND PROCEEDINGS

## A. Facts

Highlight Canyon, LLC (Highlight) is a limited liability company headquartered in Palmer. David Norton is a member and principal of Highlight Canyon. In May 2010 Norton contracted with Robert Coiner and Claude Morris of Clearwater Mountain Mining (Clearwater) and Lucky Mine Group, LLP (Lucky Mine) for exclusive rights to develop several gold mining claims belonging to those businesses. Highlight's contract to develop the claims was to continue "through 2013" with an option to renew Highlight's exclusive right to mine every five years. But Clearwater and Lucky Mine sold their mining claims to Valdez Creek Mining, LLC (Valdez Creek) in April 2013.

## B. Proceedings

Highlight Canyon originally filed a civil action against Clearwater, Lucky Mine, Valdez Creek, and other defendants in 2013. In 2016 the superior court dismissed

---

[1] Alaska R. Civ. P. 41(e).

that lawsuit without prejudice for failure to prosecute, explaining that the case had been pending for three years with no substantive activity.

Highlight re-filed in July 2017, more than four years after Clearwater and Lucky Mine terminated the agreement. The 2017 complaint asserted claims for breach of contract, tortious interference with a contract, tortious interference with a prospective economic advantage, and conversion. After Highlight voluntarily dismissed some of its claims, the superior court allowed the company to file an amended complaint on September 5, 2017.

In June 2019 the parties exchanged preliminary witness lists in anticipation of a November 2019 trial. Valdez Creek served discovery requests that same month and received timely responses to the requests for admission in July 2019. Highlight requested an additional 30 days to respond to the interrogatories and requests for production, which Valdez Creek granted. In August and September 2019, Highlight's attorney repeatedly promised that he was working on Valdez Creek's discovery requests and would provide responses soon. Highlight provided unsigned partial responses to the interrogatories in October 2019 but failed to produce any of the requested documents. Given the inadequate discovery, the parties jointly moved to continue the November 2019 trial. The court advised the parties to request a trial setting conference when ready.

At a trial setting conference in August 2020, Highlight's counsel announced his intent to withdraw. Highlight's attorney agreed with the defendants that the case had "flat-lined" and characterized the lawsuit as "stalled" and "languished." He did not file a motion to withdraw for good cause until December 2020. The motion asserted that communication between Highlight and its attorney had deteriorated to the point that he could no longer effectively represent the company. The court granted the unopposed motion to withdraw on December 30, 2020.

In January 2021 Norton appeared pro se at a status hearing. Norton explained that the COVID-19 pandemic had "complicated [his transactions with his

attorney] a great deal because [the attorney] had requested that [Highlight] put together funds that [were] substantial." Because Highlight is an LLC, the lawsuit could not proceed until Highlight retained new counsel.[2] Upon Norton's request, the superior court granted Highlight 60 days to secure new counsel before the next status hearing.

At a March 2021 hearing attorney Curtis Martin — who had represented Highlight in the initial 2013 action that had been dismissed for failure to prosecute — made an appearance on behalf of Highlight. Martin explained that Highlight had retained him earlier in the week, that he had not yet requested the case file from Highlight's prior counsel, and that he was appearing at the status hearing "hoping to get some cues from the court and [the defendants' attorney] on where [the case was] at and what [the parties] need[ed] to proceed." The superior court postponed the status hearing for yet another month.

When the parties reconvened in April 2021 Highlight remained unprepared. Martin explained that he had received the case file from Highlight's attorney the week before but that the file did not contain any responses to the defendants' June 2019 discovery requests. "I know that's bad," Martin conceded. Martin promised that Highlight was "working" on the requests for production. Valdez Creek announced its intent to file a motion to dismiss for failure to prosecute. The superior court postponed the status hearing for a third time, to August 2021, to determine "if and when the case is going to be proceeding."

Valdez Creek filed a motion to dismiss under Alaska Civil Rule 41(e) in May 2021. Highlight opposed the motion, arguing that its attorney's withdrawal constituted "proceedings" that precluded dismissal. Highlight also argued that the

---

**2** *Parlier v. CAN-ADA Crushing & Gravel Co.*, 441 P.3d 422, 423 (Alaska 2019) (holding that LLC member could not represent LLC defendant without attorney because, under AS 08.08.210(a), "a non-attorney may not represent another person in court, even when authorized by a power of attorney").

COVID-19 pandemic had prevented it from obtaining new counsel for an extended period. Highlight produced some discovery responses in early August 2021.

The court denied Valdez Creek's motion to dismiss. It reasoned that "[a]lthough Plaintiffs have not been diligent in prosecuting this case over the last year, there have been extenuating circumstances due to the global COVID-19 pandemic." Valdez Creek moved for reconsideration.

On reconsideration the superior court granted Valdez Creek's motion and dismissed Highlight's case with prejudice. It stated that "COVID-19 does not excuse undiligent prosecution" and that Highlight had been "dilatory in pursuing its claims since as early as October 2019 — five months before the COVID-19 declaration." The superior court also held that substitution of counsel did not "excuse over a year of delay . . . where Plaintiff's prior counsel withdrew due to a breakdown in communication with Plaintiff . . . [and] [b]ecause Martin represented Plaintiff in the original three-year action, he should be relatively familiar with the case's history." Finally, the superior court held that Highlight's behavior constituted "extreme circumstances" warranting a dismissal with prejudice. The superior court held Highlight "personally and primarily responsible for all of the unexcused delays" and noted that "[t]his is the second time Plaintiff's case is being dismissed for Plaintiff's failure to pursue the litigation." The superior court also explained that the delay had caused defendants actual prejudice because both Robert Coiner and Claude Morris — the Clearwater and Lucky Mine equity holders who had contracted with Norton — had died since the events in dispute took place.

Highlight appeals.

## III. DISCUSSION

"Before ordering dismissal pursuant to Rule 41(e), the trial court must undertake a two-step inquiry: it must initially inquire whether the party facing dismissal has engaged in any proceedings within the previous one-year period; if not, then it must

next inquire whether good cause exists for the delay."[3] This appeal challenges both steps of the superior court's analysis. First, Highlight challenges the superior court's finding that the case went over a year with no "proceedings" for the purposes of Rule 41(e). We review this issue, the interpretation of a court rule, de novo.[4] Second, Highlight challenges the superior court's ruling that there was no good cause for the delay. "The decision whether to dismiss an action under Civil Rule 41(e) lies within the sound discretion of the trial court."[5] We review this ruling for abuse of discretion.[6]

### A. The Superior Court Did Not Err By Dismissing The Complaint Because There Were No Proceedings In The Year Before The Motion To Dismiss.

Alaska Rule of Civil Procedure 41(e)(1)(A) permits the superior court to dismiss a case for want of prosecution if "the case has been pending for more than one year without any proceedings having been taken." This rule serves three policy objectives.[7] First, it promotes judicial economy: "[A]s an administrative matter, it allows the court to 'clear [its] calendar of cases that are not being prosecuted diligently.' "[8] Second, Rule 41(e) "forces plaintiffs to keep their cases moving at a reasonable speed."[9] Third, "Rule 41(e) 'serves to protect a defendant from undue

---

[3] *Novak v. Orca Oil Co., Inc.*, 875 P.2d 756, 759 (Alaska 1994) (citing *Willis v. Wetco, Inc.*, 853 P.2d 533, 536 (Alaska 1993)).

[4] *Ford v. Mun. of Anchorage*, 813 P.2d 654, 655 (Alaska 1991) ("Since this case involves the interpretation of a civil rule, we exercise our independent judgment.").

[5] *Power Constructors, Inc. v. Acres Am.*, 811 P.2d 1052, 1054 (Alaska 1991) (citing *Brown v. State*, 526 P.2d 1365, 1368 (Alaska 1974)).

[6] *Id.*

[7] *See, e.g.*, *Shiffman v. K, Inc.*, 657 P.2d 401, 403 (Alaska 1983) ("[T]he evil to be avoided is the stagnant case cluttering a court's calendar or threatening harassment of the party-defendant.").

[8] *Power Constructors,* 811 P.2d at 1054 (second alteration in original) (quoting *First Nat'l Bank of Fairbanks v. Taylor*, 488 P.2d 1026, 1032) (Alaska 1971)).

[9] *Id.*

delays which might subject him to harassment or force settlement of an otherwise nonmeritorious lawsuit.' "[10]

Valdez Creek moved to dismiss the case in May 2021. Highlight argues that actions it took after the motion was filed should preclude dismissal. Highlight also argues that its substitution of counsel prior to Valdez Creek's motion is a "proceeding" that precluded dismissal.

### 1. Actions taken after the filing of a motion to dismiss for failure to prosecute do not preclude dismissal.

A motion or memorandum "filed after the court issues its notice of dismissal does not constitute a 'proceeding' under Civil Rule 41(e)."[11] Highlight argues that this rule applies only to notices of dismissal issued by the court sua sponte rather than motions to dismiss filed by the defendant. But we have not recognized a legal distinction between notices of dismissal and motions to dismiss for the purposes of Rule 41(e). "The power of Rule 41(e) to achieve [its policy] goals would be considerably compromised if plaintiffs knew that, no matter how long they delayed, they could avoid dismissal by filing a pleading of record as soon as the court issued its notice of dismissal *or a party filed a motion to dismiss*."[12] This logic applies with just as much force to actions taken after a party's motion to dismiss as to those taken after a notice of dismissal is issued by the court.[13] Highlight's actions after Valdez Creek's motion to dismiss did not preclude dismissal.

---

[10] *Id*. (quoting *Shiffman*, 657 P.2d at 403).

[11] *Id*.

[12] *Id*. (emphasis added).

[13] *Novak v. Orca Oil Co.*, 875 P.2d 756, 761 (Alaska 1994) ("[O]ur concern in *Power Constructors* was with pretrial memoranda filed in response to a Rule 41(e) notice of dismissal *or motion to dismiss*." (emphasis added)).

## 2. A substitution of counsel alone is not a "proceeding" that precludes dismissal.

Highlight argues on appeal, as it did below, that its counsel's withdrawal and later appearance by new counsel amount to "proceedings" that preclude Rule 41(e) dismissal. The superior court did not directly address this argument; instead, it considered only whether the substitution of counsel excused Highlight's delay. But because the definition of a Rule 41(e) "proceeding" is a question of law, we nevertheless address this issue using our independent judgment.[14]

We have defined a Rule 41(e)(1)(A) proceeding as "a step, act or measure of record, by the plaintiff, which reflects the serious determination . . . to bring the suit to a resolution; or a step, act or measure of record, by either party, which reflects that the suit is not stagnant."[15] A "step, act or measure *of record*"[16] means an action that is entered on the docket. To accept undocketed actions as proceedings would undermine the superior court's prerogative to manage its docket by sua sponte identifying failures to prosecute and issuing notices of dismissal.[17]

To count as a "proceeding" an action must also show that the lawsuit reflects serious determination to resolve the dispute or is not stagnant. Highlight seeks

---

[14] *See Ford v. Mun. of Anchorage*, 813 P.2d 654, 655 (Alaska 1991) ("Since this case involves the interpretation of a civil rule, we exercise our independent judgment.").

[15] *See Power Constructors*, 811 P.2d at 1053-54 (alteration in original) (quoting *Shiffman*, 657 P.2d at 403). The parties dispute whether *Power Constructors* holds that substitution of counsel is never a Rule 41(e) proceeding. We did not expressly address in *Power Constructors* whether attorney substitutions qualify as Rule 41(e) proceedings because an attorney substitution did not occur in the year before the notice of dismissal at issue in that case. *See id.* at 1053 (explaining procedural history of case).

[16] *Id*. (emphasis added).

[17] Discovery exchanges, for example, are not docketed and do not qualify as Rule 41(e) proceedings.

support for its position in *Novak v. Orca Oil Co.*, when we held that a party's motion to disqualify its opponent's attorney was a proceeding that precluded dismissal.[18] But Highlight's substitution of counsel is far more passive than a motion to disqualify an opposing party's attorney. A motion to disqualify is an offensive action with potential to disrupt the other party's litigation capacity.[19] It moves the ball, even if only sideways. Highlight's substitution of counsel, in contrast, left the litigation both substantively and procedurally in exactly the same place it was before. Highlight argues that, as an LLC, it was required by law to seek replacement counsel. But the requirement of being represented by counsel does not transform the mere act of changing counsel into the kind of act that reflects "serious determination" to move the dispute towards resolution. Instead, this requirement should have prompted better communication between Highlight and its attorney. A substitution of counsel, without more, is not a "proceeding" that precludes dismissal under Civil Rule 41(e).

**B.      The Superior Court Did Not Abuse Its Discretion By Ruling That Highlight Lacked Good Cause For Its Failure To Prosecute.**

Highlight argues that the superior court should have excused its failure to prosecute because the COVID-19 pandemic hindered its ability to pay its attorney and move forward with the litigation. We conclude the superior court did not abuse its discretion when it determined that the pandemic was not "good cause" for Highlight's delays.

The superior court should not dismiss a case under Civil Rule 41(e) "when there is a reasonable excuse for the lack of prosecution."[20] But a dilatory party must

---

[18]      875 P.2d at 760.

[19]      *Id.* (explaining that the motion to disqualify "related to [the appellant's] counterclaim and reflected that the counterclaim was not stagnant").

[20]      *Power Constructors*, 811 P.2d at 1054 (citing *Brown v. State*, 526 P.2d 1365 (Alaska 1979)).

explain why there was "good cause" for its failure to prosecute; conclusory statements do not suffice.[21]

Although it is easy to imagine how a global pandemic could create "unusual factors mitigating [a plaintiff's] responsibility for the delay in prosecuting his complaint," the plaintiff must be able to point to evidence of those special circumstances in the record.[22] We agree with the superior court that Highlight failed to show how the COVID-19 pandemic justified its undiligent prosecution. The superior court began by noting that COVID-19 had affected litigants, counsel, and the court system but did not, by itself, excuse undiligent prosecution. It observed that Highlight had been dilatory since 2019 — well before the onset of the pandemic and the withdrawal of its attorney. It also noted that the attorney's replacement, Martin, had represented Highlight in its original action (which was also dismissed for failure to prosecute) and should have been familiar with the case, implying that Martin had time to get the case on track before Valdez Creek moved to dismiss roughly two months later.

We see no abuse of discretion in the court's reasoning. The only indication on the record that COVID-19 impacted Highlight's ability to prosecute is an unsworn statement from Norton that "COVID has complicated [his transactions with his attorney] a great deal because [the attorney] requested that [Norton] put together

---

**21** *See id.* (rejecting good cause argument because appellant did not explain why it needed sixteen months to prepare case for litigation or why it did not take any action of record during this period); *Willis v. Wetco, Inc.*, 853 P.2d 533, 535-36 (Alaska 1993) (rejecting good cause argument because appellant did "not explain[] what aspect of his damages were continuing to accumulate, or why the time [was] any more 'ripe' for trial now than earlier . . . [and] there [was] no support for this excuse").

**22** *See Brown*, 526 P.2d at 1368 ("The record in this case evidences special circumstances. It shows continual efforts on the part of appellant to pursue his claim and a series of unusual factors mitigating appellant's responsibility for the delay in prosecuting his complaint.").

funds that are substantial." But Highlight did not explain how COVID-19 impacted its finances or why it failed to prosecute its claims for months before the pandemic began. We have affirmed a finding of good cause when the plaintiff could not appear for his deposition or hearings because he may have been incarcerated in Canada.[23] By contrast, the causal relationship between the COVID-19 pandemic and Highlight's failure to prosecute is not self-evident. The superior court did not abuse its discretion by rejecting Highlight's claim of good cause given the scant evidence put forward.[24]

## IV. CONCLUSION

For the reasons above, we AFFIRM the superior court's order dismissing Highlight's claims for lack of prosecution.

---

[23] *Brown*, 526 P.2d at 1367.

[24] *See Power Constructors*, 811 P.2d at 1054 (requiring "reasonable excuse for the lack of prosecution" (citing *Brown*, 526 P.2d at 1368)).